The evidence is slight, if any, that there was ever any legal and proper audit and allowance of these bills. But as we do not put our decision upon the lack of a formal audit, it may be assumed that there was one. The inquiry, then, is, whether the charges in them, now objected to, were legal charges against the county and such as it could be compelled or ought to pay.
The charges for per diem and mileage, while serving upon a committee appointed by the board of supervisors, could not be enforced against the county. The law is plain, that a supervisor may not claim from the county, for services other than attendance at the sessions of the board and mileage thereon. (Laws of 1869, chap. 855, p. 2060, § 8.) He is confined in amount to the rate of three dollars per day; and limited as to the number of days, to full days' service during the sessions of the board; and is awarded in addition thereto his mileage allowed by law. And, to make this the more emphatic, it is enacted that he shall not receive any other compensation whatever, except as the same is specially provided for by law. No special provision of law is cited, nor have we any in mind, which gives any other or different compensation to the defendant for service to his county as a supervisor. As the act above cited especially denies compensation other than as above stated, the case cannot fall within the rule cited by the defendant from The People v.Supervisors of Albany Co. (12 Wend., 257). Nor does the act of 1870 (chap. 242, p. 559, § 2) make special provision for this case. That professes to amend subdivision 1 of section *Page 623 
53, of title 4, part 1 of the Revised Statutes. The reference is indefinite, and to be complete it should have contained, as a part of it, chapter 11 article 6. The draftsman of the act deceived himself by referring to what is known as the fifth edition of the Revised Statutes; there is no such fifty-third section in the Revised Statutes proper. What was really amended was subdivision 1, of section 3, of chapter 615 of Laws of 1857, which was afterward inserted in that fifth edition as section 53. The amendment in 1870 is by giving two dollars per day, instead of one dollar and fifty cents allowed by the act of 1857, as a compensation to a supervisor and certain other officers. But that is, in the language of the act of 1857 "for each day * * * devoted by them to the service of the town * * *." So it is not applicable to a charge for a service to the county.
Nor was the expense of the litigation gone into by the defendant, to establish his right to the office of police commissioner, a legal and proper charge against the county. Not even, if it be, that the board formally authorized the litigation and agreed to pay the costs and charges. We are not required to decide whether the county might not under some circumstances have had such an interest in maintaining the validity of the law creating it a separate police district (Laws of 1870, chap. 497, p. 1132), as that its board of supervisors might not in its behalf lawfully undertake a litigation to that end and incur costs and charges therefor. It does not appear that in the action or proceeding now in question the validity of that law was in question, or that more was involved than the individual right of the defendant to the office. In that, the county as a corporate body, had no such interest as that the board of supervisors could lawfully engage it to a participation in the litigation, and to a payment of the costs and charges. It appears, then, that the charges above named were not such as that the defendant could lawfully claim and enforce them against the county.
It is claimed, however, that the board of supervisors in one year having audited and allowed them, the board of *Page 624 
supervisors in a later year being the same body in law (Suprs.of Chenango v. Birdsall, 4 Wend., 453), cannot disregard that action. Doubtless, if a board of supervisors at one time acts finally upon a matter of which they have jurisdiction, and as to which they have lawful right to act, a succeeding board may not undo what they have done to the immediate detriment of third parties. (Id.) I do not think that any decision will be found which goes farther than this. But it has appeared that these were not legal charges against the county of Richmond. A board of supervisors has no power to audit and allow accounts not legally chargeable to their county; and if it attempts so to do, it is an act in excess of jurisdiction, done without the power to make it valid, and is null and void. (The People v. Lawrence, 6 Hill, 244; Chemung Canal Bk. v. Suprs. of Chemung, 5 Denio, 517.) It may be disregarded by other officers of the county (6 Hill,supra), and is not binding and conclusive upon another board.
There is no doubt of the payment to the defendant of these bills, nor that payment was made by the county treasurer upon vouchers from the chairman and clerk of the board of supervisors, (with, perhaps one exception), in due form. It is claimed that this payment was voluntary, made with full knowledge of all the circumstances, and that it cannot now be overhauled. We are not called upon to overlook or stretch any of the rules which forbid a voluntary payment to be repented of and reviewed. The question is, whether the municipal corporation, the county of Richmond, is so far bound by the action of its board of supervisors as that it may not, in this case, be found outside of those rules. The board of supervisors is not the county. It is an aggregate of certain town officers which, for certain specified purposes, is the representative of the county. It is an important and prominent representative, but not the only one. The county had other agents through whom it acted, and it at times acted through the board as its agent. Boards of supervisors are classed as subordinate public agents. (Hull v. Suprs. of *Page 625 Oneida Co., 19 J.R., 259.) They are agents with limited powers which they may not exceed and give any validity to the excess. It is a rule, that in cases of public agents the principal is not bound by their action, unless they act within the scope of their authority. (Lee v. Munroe, 7 Cranch, 366.) In the case cited it was held, that if the facts would have created an estoppel against the agents, had they been acting for themselves, and would have postponed their prior right in bonds to a subsequent interest acquired by the plaintiff acting in reliance upon the declarations; yet, as they had limited powers beyond the scope of which they had passed in making these declarations, the public, their principal, could not be injured by their unauthorized acts. It is said, that it is better that an individual should now and then suffer by such mistakes, than to introduce a rule against the abuse of which, by improper collusions, it would be very difficult for the public to protect itself. This court has held in The People v. Fields (not yet reported)* that for the recovery of money paid by the comptroller of the city of New York to the defendant, without legal authority, an action could be maintained. The payment in this case, as well as in that, was made and received without any lawful power in the officers making it. The defendant is chargeable with knowledge of this. It was a payment by an agent who had no authority to make it to another agent who had no right to claim it. It was, then, no payment by the principal, either in mistake of law or in ignorance of fact. The principal, in legal view, had no part in the payment, and it was made without its will. It was equivalent to an appropriation by the defendant of the moneys to his own use, with the acquiescence and help of the officers of the county who were to pay them; but in no otherwise than that, in accordance with law. Having made this payment unlawfully, it was not an act within the scope of their agency and does not bind their principal. (U.S. v. Bartlett, Davies, 9; Stevenson v. Mortimer, Cowp., 805;Taylor v. Plumer, 3 M. L., 562.) *Page 626 
The case relied upon by the defendant, as opposed to these views, is Supervisors of Onondaga v. Briggs (2 Denio, 26). In that case the opinion gives first an ample and conclusive ground for the conclusion there reached; in the facts and the legal consequence therefrom, that the charges against the county had been taxed by a taxing officer having jurisdiction, upon notice to the board of supervisors, and that the taxing officer had allowed no item in the bill upon which he had not the power to pass. There was thus an adjudication by a competent tribunal, from which there had been no appeal. It was res adjudicata. It then declares another ground; that the board of supervisors had audited and allowed the claims, and that their action in that respect was final and conclusive and binding upon their successors. The claims of the defendant against the county, in that case, were alleged to be for his fees and expenses as district attorney in criminal cases. The opinion says, that these are a charge upon the county; that they had been presented to the board, which had power to examine, settle and allow all accounts chargeable against the county, and had been examined, settled, allowed and paid. I do not understand the opinion to assert or to intimate, that if these claims had been clearly illegal, such as were not chargeable to the county, against the demanding, auditing, paying and receiving of which, there was express and clear provision of law, the board would have had authority to audit and pay, or that if they had done so, their actions would have been conclusive. Indeed, I understand the contrary; for the opinion had just cited the People v. Lawrence (6 Hill, 244), where it was held, that a board of supervisors, which had allowed a sum of money when the claimant had rendered no services to the county, had exceeded its jurisdiction. But no more than if it had allowed for a service, as in the case in hand, for which the law forbade compensation to be made. And in this case as in that, jurisdiction was exceeded, and there was no color for making the allowance. The opinion further holds that as the charges had been legally taxed, had been legally audited and allowed, the payment of them was a voluntary *Page 627 
payment, and that the money paid could not be recovered back. With the principles and authorities upon which that part of the decision is based, it is not possible to differ. But the question is not there passed upon nor raised, whether the board of supervisors is the agent of the county, and whether, if it makes an unauthorized allowance and payment of an illegal claim, the county, acting through its agent a successor of the former board, may not recover back the money. The payment there was based upon the authorized action and conclusion of a taxing officer, and the action and conclusion of a former board, which the opinion held to be authorized. It might well be that in such case the payment was within the scope of the authority of the agents of the county. If so, then voluntary; and if voluntary, not to be overhauled.
The judgment appealed from should be affirmed, with costs.
All concur.
Judgment affirmed.
* 58 N.Y., 491. *Page 628