MICHAEL DONOHUE, Respondent, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Appellants.

*Contract — Error in certificate of engineer as to price — Voluntary payment — Corporation — not bound, by unauthorized payment by agents — Negotiable certificates of indebtedness — effect of transfer thereof.*

The plaintiff's assignor entered into a contract with the trustees of the town of Morrisania, by which he was to receive fifty cents per yard for all filling made thereunder. Subsequently the engineer gave a certificate in which the price was stated at seventy-five cents per yard, and certificates of indebtedness for the amounts of the bills so certified were issued by the board of trustees of the said town. *Held,* that as the engineer and trustees were only the agents of the corporation, it was not bound by their unauthorized acts, and that the payment could not therefore be regarded as a voluntary one.

Negotiable certificates of indebtedness were issued to the contractor, who thereafter transferred them to purchasers in good faith. *Held,* that he thereby made himself liable for the value of the certificates so transferred.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought by plaintiff, as assignee of Patrick Handibode, to recover a balance of $4,547.40, alleged to be due on a contract made November 6, 1872, between the trustees of the town of Morrisania and said Handibode, for grading One Hundred and Thirty-sixth street.

The defendant set up in its answer, as a counter-claim, that plaintiff, at the time of the indebtedness alleged, was the assignee of said Handibode, in another contract made between the same parties for grading One Hundred and Forty-fifth street, and had, "through error and mistake of fact," received from the defendants an excess over what was due him of $2,200.

It appeared upon the trial, that by the terms of the written contract for grading One Hundred and Forty-fifth street, the contractor was entitled to receive for furnishing and depositing earth filling, fifty cents per cubic yard. That the engineer in charge of the work had certified an embankment, necessarily thus constructed thereon, as containing 10,969 cubic yards, at the price of seventy-five cents, instead of fifty cents per cubic yard, making an erroneous excess in

plaintiff's favor of $2,742.25. That thereafter, and on November 12, 1873, the board of trustees issued eight certificates of indebtedness on account of said work, to the contractor, the aggregate amount whereof ($3,410.29) more than covers the amount of said mistake, and that the same were delivered to him, and subsequently transferred to a *bona fide* purchaser for full value, before the maturity thereof.

The referee refused to allow the defendant's counter-claim.

*A. J. Requier*, for the appellants.

*Herring & Samson*, for the respondent.

GILBERT, J. :

The case clearly shows that the plaintiff received the over-payment which is the subject of the counter-claim, and the referee should have so found. The error arose from the fact that the engineer in charge of the work done by the plaintiff and his assignor, certified seventy-five cents instead of fifty cents per yard for filling, the latter sum being the contract-price. The engineer had no authority to give a certificate, nor the board of trustees to make a payment in excess of the contract-price. They were respectively mere agents of the corporation, and their principal was not bound by their unauthorized acts. Such a payment is not a voluntary one by the corporation. The case of *Board of Supervisors* v. *Ellis* (59 N. Y., 620) is a full authority on this point.

It appears that the plaintiff received the over-payment in the form of negotiable certificates of indebtedness, whereby the corporation became bound to pay the amount thereof at a future day, and that he immediately transferred them to a purchaser in good faith and for value. The corporation has thus been deprived by the act of the plaintiff of any defense to its liability on the certificates (*Seybel* v. *Nat. Currency Bk.*, 54 N. Y., 298; *McSpedon* v. *Troy City Bk.*, 3 Abb. Ct. App. Dec., 133), and such act is conclusive that the plaintiff appropriated them as a payment upon his contract. (*Herring* v. *Sanger*, 3 Johns. Cas., 72; *Elwood* v. *Deifendorf*, 5 Barb., 408.) But, whether treated as a technical payment or not, the plaintiff is clearly liable for the value of the certificates by rea-

son of his having parted with them, and so put it out of his power to return them to the defendant.

The judgment must be reversed, the order of reference vacated and a new trial granted, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted at Circuit.