THE PEOPLE OF THE STATE OF NEW YORK EX REL. CYRUS LAWRENCE, RESPONDENT, *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF WESTCHESTER, APPELLANT.

*County treasurers— When agents of the State, not county — collection of State taxes by — compensation of —Mandamus— chapter 346 of 1855 — chapter 393 of 1863.*

County treasurers, in receiving and paying over the State taxes, act as the agents of the State and not of the county.

The school moneys form a part of the State taxes.

By chapter 346 of 1855, the board of supervisors of Westchester county were authorized to establish the compensation of the county treasurer, at a sum not exceeding one per cent on moneys received and disbursed. By chapter 393 of 1863, county treasurers were authorized to retain from the State taxes collected and paid over by them the compensation to which they might be entitled by law, not exceeding, in any case, $2,000.

*Held,* that under the act of 1855, as modified by the act of 1863, the board of supervisors of Westchester county had no authority to allow to the county treasurer, for receiving and paying over the State taxes, any sum in excess of $2,000.

When a board of supervisors has made an order directing the payment of a claim, not authorized by law, the court will issue a *mandamus* compelling the board to vacate the same.

No personal interest in the relator is essential, to enable him to maintain an application for that purpose.

APPEAL from an order of the Special Term, granting a *mandamus* compelling the board of supervisors of Westchester county to reverse, annul and revoke its proceedings relating to the compensation of the treasurer of that county.

The county treasurer made his report of moneys received and disbursed, and charged against the county his fees, in excess of $2,000, upon the amount of the State tax, viz., one per cent on $66,857.38, and one per cent on the school tax, $70,225.62. The board allowed the treasurer the amount claimed, $1,370.02, claiming to be entitled so to do by chapter 346 of 1855. The relator claimed that, by chapter 393 of 1863, the treasurer could not receive more than $2,000 for services in collecting the State tax, and that that amount had already been paid to him by the State.

*Chas. H. Roosevelt,* for the appellant.

*Robert S. Hart,* for the respondent.

Gilbert, J. :

The State collects taxes for State purposes, through the operation of general laws acting directly upon the tax-payers. In receiving and paying over such taxes, county treasurers act in behalf of the State, and not of the county. The law makes it their duty to pay such taxes to the treasurer of the State, and to enter into a bond to the State for the faithful performance of that duty. (1 R. S., 369, § 20 ; Laws 1855, chap. 427, §§ 2, 11, 12, 13 ; Laws 1866, chap. 696.) The compensation for their services mentioned is defrayed by the State. The provisions of the Revised Statutes making the compensation of county treasurers a county charge has been modified by subsequent legislation. By section 5 of chapter 393 of the Laws of 1863, it is made the duty of county treasurers to pay to the treasurer of the State on or before the first day of April in each year, the amount of the State tax received by them, retaining the compensation to which they may be entitled, which compensation shall not exceed the amounts then authorized by law, and shall not in any case exceed the sum of $2,000. Previous to this statute the board of supervisors of Westchester county had authority to fix the compensation of the treasurer of that county at a sum not exceeding one-half of one per cent for receiving, and one-half of one per cent for disbursing (Laws 1855, chap. 346), and in 1869 that board resolved, that said treasurer might receive the maximum compensation authorized by the statute of 1855. For collecting the State tax of 1875, amounting to $337,000 and over, the treasurer had been allowed not only the $2,000 authorized by the act of 1863, but in addition thereto one per cent on the excess of said State tax over $200,000. We are of opinion, that the allowance of one per cent on such excess was unauthorized, and, therefore, illegal and void. The act of 1863, although it contains no negative words, repealed the act of 1855, so far as the latter act related to compensation for receiving and paying over the State tax, for the reason that the two acts in this respect are irreconcilably inconsistent. The one establishes a limit of compensation by an undefined, and

the other by a specified sum. Moreover, the act of 1863 in terms imposes a limitation upon the compensation to which the several county treasurers of the State were entitled when the act was passed, and necessarily modifies all pre-existing statutes accordingly. The act contains no exception of the county of Westchester, and we can interpolate none into it. (See on this subject, Sedg. Const. Law, [2d ed.], 104 *et. seq.*; *People* v. *Devlin*, 33 N. Y., 273; *Roosevelt* v. *Godard*, 52 Barb., 534.) It does not repeal the act of 1855, or abrogate the authority of the board of supervisors to fix the compensation of the county treasurer, but merely imposes a different and more restricted limitation upon that authority, and, therefore, is not within the principle that a general statute, without negative words, will not repeal the particular provisions of a prior special statute. The school moneys formed a part of the State tax.

As already intimated, while boards of supervisors act judicially in auditing accounts, yet they act neither judicially nor ministerially when they audit claims against the county, not authorized by law. They are mere agents, and must confine themselves to the authority conferred upon them by law, or their acts will afford no protection to themselves or anybody else. (*Supervisors* v. *Wandel*, 6 Lans., 33; *Supervisors* v. *Ellis*, 59 N. Y., 620.)

We think cases of this kind form an exception to the general rule governing the writ of *mandamus* to inferior tribunals, namely, that it can only put them in motion, and not require them to do a specified act. There are numerous precedents for the issuing of the writ in cases analogous to this, and we perceive no objection to the practice. (5 Wait's Practice, 560.) No personal interest in the relator is essential. (*People* v. *Halsey*, 37 N. Y., 344.)

The order appealed from must be affirmed, with costs and disbursements.

BARNARD, P. J. concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.