(19 Misc. Rep. 98.)

## PEOPLE v. KING.

(Richmond County Court, January Term, 1897.)

FALSE PRETENSES—PRESENTING CLAIM AGAINST A COUNTY.
    The presentation to a board of county supervisors of a bill containing items which are correct, and properly chargeable against the county, but the prices for which are excessive, is not indictable under Pen. Code, § 672, making it a felony to present a false and fraudulent bill for audit, with intent to defraud.

Adolph L. King was indicted for a felony, and demurs to the indictment. Sustained.

George M. Pinney, Jr., Dist. Atty., for the People.
Sidney F. Rawson, for defendant.

STEPHENS, J. The defendant is indicted for the presentation of an alleged false and fraudulent bill to the board of supervisors of the county of Richmond for audit, for the printing of ballots used at the fall election in 1895. The indictment charges the defendant with having violated section 672 of the Penal Code, and follows up this allegation by inserting in the body of the indictment the bill, in extenso, and alleging that such bill was false and fraudulent in that it contained an item, the charge and price for which was in excess of a fair and reasonable charge and price for the same. The district attorney conceded upon the argument that all the ballots were furnished, and that all the work charged for was done, and that it was not claimed that the bill was false or fraudulent as to its items, or otherwise, except as to amount, and argued that the second clause of the indictment made out a cause for the criminal action. This second allegation sets forth that the bill so presented was false and fraudulent because the defendant was employed upon the implied promise to do the work for a fair and reasonable charge and price,

and that the charge and price for the same was not fair and reasonable, but so excessive as to amount to a fraud. That this contention cannot prevail is well-settled law in this state. Ever since the case of Supervisors v. Briggs, 2 Denio, 43, it has been the rule, as stated by Chief Justice Bronson, that:

"The law will never do so absurd a thing as to hold that money which has been paid under an adjudication that it is the party's due can be recovered back. To take money in pursuance of such an adjudication is neither an illegal nor a criminal act. A different doctrine would set the law in array against itself."

Since the decision of the Briggs Case there has been no departure from the rule therein laid down. This case was criticised in Supervisors v. Van Clief, 60 N. Y. 645, 1 Hun, 455, Supervisors v. Wandel, 59 N. Y. 645, 6 Lans. 33, and Supervisors v. Ellis, 59 N. Y. 620, wherein it was held that, where the claim had no legal basis, then the audit was void, and the presentation of a claim not sanctioned by any law constituted a fraud such as to warrant the recovery back of the money. The marked distinction between these cases and the case at bar is this: Here the law required the county clerk to provide the requisite number of ballots (section 86 of the Election Laws; Laws 1892, p. 1629), and the expense of printing the ballots is made by law a county charge (section 230, County Law; Laws 1892, p. 1792). We thus find that the claim to be presented for printing ballots is put upon the same basis as other county charges which are to be audited and allowed. If the services have been rendered, the claimant may charge what he sees fit, but the supervisors are to audit, i. e. find out what is due. The oath required by law to be attached to a bill presented for audit does not affect the question at issue. The statute has pointed out the verification to be affixed to such bills and it is only to the effect (a) that the items are correct; (b) that the disbursements and services charged therein have been in fact made or rendered. It has been so repeatedly held that the amount claimed is only a basis upon which the supervisors are to act that the citation of authorities is unnecessary. This audit is final. People ex rel. Johnson v. Supervisors, 45 N. Y. 196. And their act is judicial. Osterhoudt v. Rigney, 98 N. Y. 222. Hence it follows that no claim of falsity or fraud can be based upon the presentation of a claim the items of which are correct, but the sums charged for which are excessive. As illustrative of the fact that this indictment cannot stand, attention is called to section 165 of the Penal Code, which provides that any public officer who shall audit, allow, or pay any false or fraudulent claim shall be guilty of a felony. But no such charge can be predicated either against the auditing officers or the presenter of the bill. An excessive charge cannot be the basis of fraud.

In arriving at a decision herein, I have been constrained to do so solely upon the propositions of law presented. Whatever the equities of the case may be, the court cannot consider them at this time; the issue being one of law, and of law alone.

The demurrer must be sustained. Ordered accordingly.