(120 App. Div. 584)

## PEARSALL v. BROWER.

(Supreme Court, Appellate Division, Second Department.　June 21, 1907.)

TAXATION—EXTENSION OF TAXES—COMPENSATION OF OFFICER.

County Law, Laws 1892, p. 1750, c. 686, § 23, authorizes each supervisor to charge one cent for each line of the tax roll actually extended by him. General Tax Law, Laws 1896, p. 795, c. 908, provides for the levying by the supervisors of only one tax in a lump sum, viz., the general tax, made up of the town, county, and state taxes. *Held* that, where there were three special taxes levied by the same assessment roll as the general taxes by adding thereto three additional columns and extending each line of the roll to each of the columns, there were as many extensions of a line as there were columns, and the supervisor was entitled to one cent for each extension.

Hooker and Jenks, JJ., dissenting.

Action by Smith F. Pearsall against Girdell V. Brower.　Submission of controversy on an agreed statement of facts.　Judgment for defendant on the disputed items.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and RICH, JJ.

Fred Ingraham (James W. Treadwell, on the brief), for plaintiff.
Halstead Scudder, for defendant.

GAYNOR, J.　The defendant, supervisor of the town of Hempstead, county of Nassau, charged one cent a line for extending 115,-456 lines on the town assessment rolls of 1903 and 1904, which as thus completed became the town tax rolls.　By section 23 of the county law (Laws 1892, p. 1750, c. 686) each supervisor is authorized to charge "1 cent for each line of the tax roll actually extended by him."　The plaintiff claims that only 45,442 lines were extended by the defendant.　This difference between them is not in the counting of the lines, but in respect of what a line is—or, rather, in what extending a line means.　This will be understood by seeing what the actual process of casting a tax is, and what extending the line of the tax roll in respect of a tax is.　If the roll exhibited only one tax, there could be only one extension of the line, i. e., it would be extended to the column of the roll in which that tax is set down.　But if the roll exhibit several taxes, and therefore necessarily a separate column for each, are there not as many extensions of the line as there are such columns?　The plaintiff answers no, and the defendant yes, and I think the defendant is right.　It all depends on a construction of statutes.

The general tax law (Laws 1896, p. 795, c. 908) provides for the levying by the supervisors of only one tax in a lump sum, viz., the general tax, which is made up of the town, county, and state taxes. It (section 21) prescribes the number of columns the assessment roll shall contain, viz., eight, one of which is assigned for the setting down of the tax, and that tax the one already stated.　The first column is for the names of taxable persons, the next for a description of the land, the next for its value, the next for the value of personal property, the next for taxable rents, the next for special fran-

chises, the next for the amount of the tax against each person. The process of ascertaining the amount of the tax, i. e., by multiplying the assessed value by the rate, and setting it down in this column (section 55) is the extending of the line. The eighth column is for the entry of the date of payment of the tax.

But by many special statutes there are other taxes to be levied under this same process of the general tax law, viz., for local purposes. The course often is to levy them by the same assessment roll as the general taxes are levied by, although the statutes authorizing such local taxes do not always prescribe that that roll be used. Although each of them could be levied by a separate roll, that method is not always adopted. The way is to add to the general roll a separate column for each of them, thus making one composite roll, and for the purpose of levying such a tax the line is extended to its column. The rolls in the present case have three such additional columns, viz., for road tax, board of health tax and water tax. Each line of the roll had to be and was extended to each of these columns, by ascertaining and setting down the amount of the special tax in such column. The defendant claims one cent for each of such extensions.

If these special taxes were levied on separate rolls, the defendant would be entitled to one cent for the extension of each line therefor. That they are levied on the general roll, by means of extra columns, does not alter the case. He has to extend the line for such special tax, by multiplying the value of the property of the person taxed, as set down in the appropriate column, by the rate or decimal for such special tax, and setting the result down in the column for such tax. This process is an extension of the line for that tax, and is distinct in every particular and factor from the process for extending the line for the general tax. Or, if separate lines for these special taxes had been placed on the assessment roll, there could be no question of the defendant's right to be paid for the extension of each, i. e., the ascertaining and setting down of each of such taxes in its proper column. The compensation allowed by the statute is for every line extended. As it was, each process of ascertaining and setting down a tax in its column was an extension of a tax line—a "line of the tax roll." That the line thus extended had already been extended does not alter the case—it was, nevertheless, a tax line, and was extended.

I think that the defendant is entitled to judgment on the submission in this particular. The parties seem to be agreed that the plaintiff is entitled to judgment in another undisputed particular.

HIRSCHBERG, P. J., and RICH, J., concur.

HOOKER, J. (dissenting). A controversy has arisen in the county of Nassau as to the amount of compensation its supervisors are entitled to under the provisions of section 23 of the county law (Laws 1892, p. 1750, c. 686). The plaintiff in this submission is a taxpayer, and the defendant from April, 1903, to April, 1905, was the supervisor of the town of Hempstead in that county. The defendant was paid by the board of supervisors during these two years the sum of $3,680.06 for copying and extending and computing assessments during the years

1903 and 1904, and the plaintiff asks judgment pursuant to the provisions of chapter 301, p. 620, of the Laws of 1892 relating to the protection of taxpayers, that the major part of these fees so paid to the defendant be declared to have been illegally paid and that he be required to restore.

The sole question is the construction of the last clause of section 23 of the county law. The sentence in which the clause occurs is as follows:

"The board of supervisors of any county may also allow to each member of the board for his services in making a copy of the assessment-roll, three cents for each written line for the first one hundred lines, two cents per line for the second hundred written lines, and one cent per line for all written lines in excess of two hundred, and one cent for each line of the tax-roll actually extended by him."

It is evident from this language of the statute that the supervisor may be allowed payment for two classes of service in this connection; the first for making and copying of the assessment roll, and the second for extending the lines of the tax roll. In the two years in question the defendant copied 101,735 lines of assessment roll, and he is therefore entitled to $3 for the first 100 lines, $2 for the second, and 1 cent per line for the balance of 101,735 lines, amounting in all to a total fee for this service of $1,020.35.

The aggregate number of lines on the rolls of both years containing statements of extensions of total tax against any one individual or piece of land was 45,442, for which, at the rate of one cent a line, the defendant was entitled to receive, in the discretion of the board of supervisors, the sum of $454.42. The assessment rolls for the years 1903 and 1904 contain in many instances as against several persons and separate pieces of property definite items of taxes separately stated or levied thereon, although stated upon the same line, such as town and county tax, road tax, board of health tax, light tax, water tax, and back school tax. In many cases all or nearly all of these separate items of taxes appear in a single line against one assessment, and in others only part of such taxes. In other cases, however, there was only one statement at the end of each line of the sum total of all these separate items of tax. If each line in the assessment rolls for the years 1903 and 1904 which contain more than one of said separate taxes, separately stated, were multiplied by the total number of said separate taxes and separate statements thereof appearing on said line, and to that total product there were added the number of lines in said assessment rolls upon which there was only one statement of tax, the final result would be 115,456. In other words, the defendant, as supervisor of the town of Hempstead, made 115,456 mathematical computations to determine the amount of all these separate taxes to be paid by the persons or property appearing on the assessment rolls. He claims to be entitled to receive, where the board of supervisors awards it, a sum equal to one cent for each of these computations upon the authority of the words of the statute referred to, "and one cent for each line of the tax roll actually extended by him." It is to be observed that elsewhere in section 23 of the county law it is provided that no compensation or allowance shall be made to any supervisor for his service except such as shall be by law a town charge, and the defendant should not have re-

105 N.Y.S.—14

ceived and may not retain one cent each as compensation or allowance for making the full number of these computations, unless there is statutory authority therefor.

The plaintiff contends that, inasmuch as there were 45,442 lines on the rolls which contained extensions of total tax, the defendant was entitled to receive but the sum of $454.42; while the defendant contends that, because there were 115,456 computations, he was entitled to receive $1,154.56—these sums in addition, of course, to the sum of $1,020.35, which it seems to be conceded he was entitled to receive for copying.

The learned counsel for the defendant has presented an able argument to sustain the proposition that the Legislature has intended that a supervisor may receive more than one cent for each line of the tax roll, where he has made more than one computation of the amount of the tax and the result of that computation appears in such line. In view of the plain language of the statute, it is, however, unconvincing. Where words have a definite meaning involving no absurdity or contradiction, resort must be had to their natural significance in construing statutes which employ them; they will be presumed to declare the legislative intent and it should not be permitted to the courts to reconstruct or extend that meaning. Tompkins v. Hunter, 149 N. Y. 117, 43 N. E. 532; Johnson v. Hudson River R. R. Co., 49 N. Y. 455. The statute provides that the supervisor may have one cent for each line of the tax roll actually extended by him, as a member of the board of supervisors. The space at the end of every line on the tax roll is left blank, and by section 55 of the county law it is required that these blanks shall be filled up by entering against each name of persons assessed the total amount of taxes which he must pay for all purposes. To make the entry in the blank space is to extend the line. The process extends or lengthens the line by adding something necessary for its completion. It is this setting down of the total amount of tax at the end of the line which is the extension, and not the mathematical computation necessary to be resorted to for the purpose of ascertaining other amounts in the line. The meaning of the words used in the statute is clear, definite, and precise, and there is no room, therefore, for construction.

It is entirely possible that, under this review of the language of section 23 of the county law, the compensation for the work the defendant actually did is not adequate; but relief to meet the requirements of cases of this kind must come from the Legislature, not from the courts. It appears from the submission that the amount paid the defendant was further in error because of a miscount in the lines; but the defendant assumes responsibility for errors in that connection and is prepared to refund any moneys which have been improperly paid him by the county. He was entitled to receive $1,020.35 for copying and $454.42 for extensions. The plaintiff should have judgment that the defendant refund to the county of Nassau whatever he has received in excess of these sums, with interest from the time of payment to him. The plaintiff should have costs of this action.

JENKS, J., concurs.