SMITH et al. v. HEDGES.

(Supreme Court, Appellate Division, Second Department.　July 30, 1915.)

1. COUNTIES &⇒196—TAXPAYER'S ACTION—ASSESSMENT—VALIDITY—MISNAMING OWNER.

Under the provision of the Tax Law (Consol. Laws, c. 60) that a mistake in the name of the owner or an omission of the name does not affect the validity of the assessment and tax upon a described parcel of realty, where the owner of land, which had descended to the plaintiff as tenant in common from his ancestor, was named in the town assessment and tax rolls as "Robt. R. Smith Est.," the assessment was not so invalid, plaintiff not having questioned it, but having paid the tax thereunder, that plaintiff was without capacity to maintain a taxpayer's suit against the supervisor of the town to recover excess claims allowed by the board of supervisors of the county as county charges.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. &⇒196.]

2. COUNTIES &⇒206—ALLOWANCE OF CLAIMS—COLLATERAL ATTACK—TAXPAYER'S SUIT.

A taxpayer's action against the supervisor of a town to recover excess claims in favor of such supervisor, audited and allowed as county charges by the board of supervisors of the county, will not lie to attack the validity of an audit made within the jurisdiction of the auditing body, unless fraud or collusion in the audit is established.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. &⇒206.]　.

3. COUNTIES &⇒206—ALLOWANCE OF CLAIMS—COLLATERAL ATTACK—TAXPAYER'S SUIT.

An excess of jurisdiction in the auditing and allowance by the board of supervisors of a county of a township supervisor's claims in his own favor as county charges arising from his official acts in preparing the tax rolls of the town amounted to an illegality, rendering the audit open to attack in a taxpayer's action.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. &⇒206.]

4. COUNTIES &⇒206—ALLOWANCE OF CLAIMS—JURISDICTION OF COUNTY BOARD—COLLATERAL ATTACK.

That some part of a claim of a township supervisor, presented to the county board of supervisors for allowance as a county charge, was within the jurisdiction of the board, was not sufficient to give the board jurisdiction to allow conclusively, so that the award might not be attacked in a taxpayer's action, other items of the claim, which, if presented by themselves, would have been beyond the jurisdiction of the board.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. &⇒206.]

5. COUNTIES &⇒206—ALLOWANCE OF CLAIMS—CONCLUSIVENESS.

Where the county board of supervisors allows claims presented to it as county charges by a township supervisor, arising from his acts in preparing the town's tax rolls, which are legally proper charges, such allowance is conclusive as to the performance and extent of the work on which the charges are based, and not open to an attack in a taxpayer's action.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. &⇒206.]

6. COUNTIES &⇒206—ALLOWANCE OF CLAIMS—CONCLUSIVENESS—QUESTION OF LAW.

Under County Law (Consol. Laws, c. 11) § 23, fixing the amount allow--able to a supervisor for "each written line" and also for "each line of

---

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the tax roll actually extended by him," what was a "written line" and what a "line of the tax roll actually extended," within the meaning of the statute, was a question of law, on which the decision of the board of supervisors allowing the claim was not conclusive.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 322, 323, 325–330; Dec. Dig. ☜206.]

Appeal from Special Term, Suffolk County.

Action by William Sidney Smith and others against Dayton Hedges. Judgment for plaintiffs for less than demanded, and both parties appeal. Affirmed.

For opinion below, see 87 Misc. Rep. 439, 150 N. Y. Supp. 899.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Selah B. Strong, of Brooklyn, for plaintiffs.

John R. Vunk, of Patchogue, for defendant.

CARR, J. [1] The defendant, who was the supervisor of the town of Brookhaven, in Suffolk county, presented to the board of supervisors of that county, during the years 1910, 1911, and 1912, certain claims in his own favor for audit and allowance as county charges arising from his official acts in preparing the tax rolls of that town in the respective years above specified. These claims were audited and allowed as county charges in the respective amounts claimed by the defendant. The plaintiff as a taxpayer in said town has brought this action to set aside these audits and to recover on behalf of the county a very considerable sum of money, representing what he claims to be the difference between the claims as allowed and the amounts at which they should have been allowed. After a trial, judgment went in favor of the county of Suffolk against the defendant for the sum of $13,470.82, together with costs and an extra allowance. Both parties to this action appeal from the judgment—the plaintiff, on the ground that it is insufficient in amount; the defendant, on the claim that the complaint should have been dismissed. The defendant appellant presents on this appeal several points which lie at the threshold of the action, and which, if well taken, require a reversal of the judgment and a dismissal of the complaint.

The first point is as to the legal capacity of the plaintiff to maintain this action, which is brought under section 51 of the General Municipal Law and kindred statutes. It appears in the record that the plaintiff is a tenant in common, in fee simple absolute, of certain lands in the town of Brookhaven, title to which came to the plaintiff and his cotenant from Robert R. Smith, deceased, the plaintiff's ancestor. In the town assessment and tax rolls, the owner is named as "Robt. R. Smith Est." It is urged by the defendant that the form of this assessment of lands owned by a resident of the town was defective, in that the lands should have been assessed to the owners thereof, and not to the estate of the decedent, Smith, and that this alleged defect so permeated the assessment as to render it absolutely void, and therefore that the plaintiff had not been assessed at all, and thus brought within the provisions of the statutes which underlie this action. The defend-

ant relies upon Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp 63, and numerous kindred cases, none of which relate to the precise question now under consideration. If there was any informality in this form of assessment, it did not go to the extent of invalidating the assessment against the land itself, for, under the provisions of the Tax Law, a mistake in the name of the owner, or an omission of the name, would not affect the validity of the assessment and tax upon the described parcel of real property. The plaintiff did not question the assessment and tax, but paid it in each of the respective years. Considering the purpose of the remedy afforded by the taxpayers' statutes, we think the defendant's objection to the plaintiff's legal capacity to maintain this action is not well taken.

[2-5] The second of the more important objections to the maintenance of the action is based upon the previous audits by the board of supervisors in favor of the defendant. The trial court has found, and the evidence justifies the finding, that there was no fraud or collusion in the presentation and audit of these claims. The judgment went upon the legal theory that, as to a great many items set forth in the claims presented for audit, the board of supervisors exceeded their jurisdiction by allowing, as county charges, claims which in law were not county charges. While it had been held uniformly since the early Taxpayers' Act of 1872 that an action such as this one would not run to attack the validity of an audit made within the jurisdiction of the auditing body, unless there was established fraud or collusion in the audit, it was always recognized that an excess of jurisdiction amounted to an illegality which rendered the audit open to attack. Board of Supervisors v. Ellis, 59 N. Y. 620; Osterhoudt v. Rigney, 98 N. Y. 222; Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484; People v. Sutherland, 207 N. Y. 22, 100 N. E. 440; People v. Journal Co., 213 N. Y. 1, 106 N. E. 759.

That some part of the claim presented for audit was within the jurisdiction of the auditing body was not sufficient to give that body jurisdiction to audit and allow, conclusively, other items of the claim which, if presented by themselves, would have been beyond the jurisdiction. That is also, now at least, the established rule. But where the charges, audited and allowed, are in their legal nature proper charges, then the audit and allowance is conclusive as to the performance and extent of the work on which the charges are based. People v. Sutherland, ut supra.

[6] In the case at bar the claims of the defendant were based upon work done by him in the preparation of tax rolls of the town of Brookhaven. This work was made generally a county charge by section 23 of the County Law, which fixed the amount allowable for "each written line" and also for "each line of the tax roll actually extended by him" (the supervisor). The auditing of a claim against the county under this provision of statute involved, not only a question of fact as to the number of "lines," as to which the audit was conclusive, but likewise a determination as to what was a "written line" and what a "line of the tax roll actually extended," within the meaning of the statute, and this question was one of law. It is from the action of the board of super-

visors on this latter question that the present controversy arises mainly. Many thousands of lines were allowed as "written lines" and "extensions" by the auditing body and disallowed by the trial court in this action, which disallowance forms the basis of the large judgment against the defendant. The items rejected in this action as "written lines" and "extensions" in the tax rolls consisted mainly of the printed headings on the various pages, all entries in the tax columns, all footings and recapitulations, numbering several hundred thousand. If these items were extraneous to the tax rolls in the meaning of the statute, then they were not "written lines" or "extensions" for which compensation had been permitted as a county charge, and their allowance as a county charge was beyond the jurisdiction of the auditing body, and therefore open to attack in an action such as this one. In computing the lines and extensions properly allowable as county charges, the trial court applied the rule declared by this court in Pearsall v. Brower, 120 App. Div. 584, 105 N. Y. Supp. 207. Although there was a dissent in that case, we feel ourselves bound by its authority.

As to the very numerous items allowed and disallowed on the trial of this action, we see no reason for interference with the decision of the trial court. This view leads necessarily to an affirmance of the judgment, if this action be at all maintainable. That the action runs to attack the audits made by the board of supervisors, we think, is reasonably certain, as the audits of that body were conclusive against collateral attack only to the extent of their allowance as county charges of such items as were in law county charges, either under express terms of the statute or in their legal nature. We are of opinion, further, that the matters presented on this appeal by the plaintiff as grounds for a modification of the judgment by this court were disposed of properly by the trial court.

The judgment must be affirmed, without costs to either party, as both have appealed therefrom. All concur, except THOMAS, J., who dissents on the ground that defendant has no power to maintain the action as to at least some of the items audited and allowed by the board of supervisors.