■ In the Matter of UNIVERSITY OF ROCHESTER STRONG MEMORIAL HOSPITAL, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term entered March 21, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' recalculation of petitioner's Medicaid reimbursement rates. Petitioner is a medical facility located in Rochester, New York. In connection with opening a new hospital building on February 1, 1975 petitioner sought a prospective increase in its Medicaid reimburse-

ment rate. A detailed budget of its expenditures was duly submitted to the Department of Health. On April 25, 1975 the assistant commissioner noti-' fied petitioner that its rates had been revised upward, but not to the levels requested by petitioner. In the summer of 1976 an employee of the Department of Health discovered that because of erroneous computations petitioner's rates had been miscalculated. By letter dated August 11, 1976 the assistant commissioner informed petitioner that its 1975 rates were being revised downward to correct the errors which had just been discovered. It was left up to the Commissioners of Social Services in the various counties serviced by petitioner to recover the overpayments. The amounts in question total approximately $500,000. On December 8, 1976 petitioner instituted this article 78 proceeding seeking to annul respondent's August 11, 1976 recalculation of its 1975 Medicaid reimbursement rates. The primary contention was that the respondents' acts were barred as untimely under the commissioner's own regulations (10 NYCRR 86.16 now 10 NYCRR 86-1.16). Special Term held that the regulations did not support petitioner's interpretation and dismissed the petition. We agree. The said regulation as it existed at the times in question herein, provided: "Final rates. No retroactive adjustments shall be made in rates certified pursuant to this Part. This shall not preclude rate adjustments to correct errors in the determination of such rates. However, errors resulting from submission of information by a medical facility may be corrected if brought to the attention of the State Commissioner of Health within 60 days of receipt of the commissioner's rate computation sheet. Errors resulting from the rate computation process may be corrected if brought to the attention of the commissioner within four months of receipt of the commissioner's rate computation sheet." Petitioner's position is essentially that the August 11, 1976 retroactive recalculation of its Medicaid reimbursement rates must be vacated because it was done more than four months after receipt of the commissioner's rate computation sheet. Petitioner's interpretation must be rejected for several reasons. First, the language of the regulation belies such a construction. As pointed out by Special Term: "The regulation refers to errors that are to be 'brought to the attention of the commissioner.' Clearly, the regulation implies that those dealing with the commissioner and the Department of Health * * * are the parties who would bring errors to the attention of the commissioner. A contrary construction would imply that if the commissioner discovers errors in the rate computation process, he must bring them to his own attention within four months of the receipt of the commissioner's rate sheet. This construction is obviously unreasonable". Second, to adopt petitioner's construction would mean that the respondent commissioner, in promulgating the regulation, departed from the well-established principle that errors made by State employees cannot bind the State or prevent recoupment of unauthorized payments (Williams Press v State of New York, 37 NY2d 434; Matter of Fahey v Whalen, 54 AD2d 1097, app dsmd 41 NY2d 900). In contrast to the situation in Hurlbut v Whalen (58 AD2d 311, 318), relied upon by the petitioner, this is not a case of a " 'mere error of judgment' " in which the common-law right of recoupment has been denied, but is quite clearly a case where the original reimbursement rates had been erroneously calculated. Finally, we must uphold the commissioner's own interpretation of the regulation as long as it is not irrational or unreasonable (Matter of Howard v Wyman, 28 NY2d 434). In this case it is petitioner's interpretation which is unreasonable. We find it unnecessary to consider the remaining issues raised on this appeal. Judgment affirmed, without costs. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.