■ In the Matter of DALEVIEW NURSING HOME, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered November 12, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to enjoin respondents from retroactively revising petitioner's Medicaid reimbursement rates. By letter dated June 22, 1981, petitioner was advised that its Medicaid reimbursement rates for the period 1980-1981 had been retroactively revised downward and that the overpayments would be recouped. The revision resulted from the discovery some seven months earlier that "electronic data processing problems" and other errors in calculation had resulted in higher rates than authorized by the relevant rules and regulations. Petitioner sought to prohibit respondent from making the retroactive revisions and recouping the overpayment. Special Term dismissed the petition, holding that the State could not be precluded from revision or recoupment of unauthorized payments caused by errors of State employees since equitable estoppel does not lie against the State when acting in its governmental capacity. There must be an affirmance.

Where overpayments are the result of errors in computing the rate, respondent may recoup the unauthorized payments (*Matter of University of Rochester — Strong Mem. Hosp. v Whalen*, 61 AD2d 867, mot for lv to app den 44 NY2d 646). To be contrasted are the cases where the reimbursement rate is properly calculated pursuant to the applicable statute or rules and regulations, but the facility's actual costs are less than those anticipated in the prospectively calculated rates (see *Matter of Beekman-Downtown Hosp. v Whalen,* 44 NY2d 124, 128; *Matter of Sigety v Axelrod,* 91 AD2d 1091). Thus, where the overpayment results from a mere error in judgment, rather than an erroneous calculation, the commissioner's common-law right of recoupment has been questioned (see *Hurlbut v Whalen,* 58 AD2d 311, 318, mot for lv to app den 43 NY2d 643). Here, it is undisputed that the overpayments were due to data processing problems and other errors in calculation, and thus, were not caused by errors in judgment. Accordingly, the overpayments are subject to recoupment (*Matter of University of Rochester — Strong Mem. Hosp. v Whalen, supra*). Petitioner points out that respondent continued to make reimbursement at the mistaken rates during the seven-month period following discovery of the mistake. The underlying cause of the overpayments, however, continued to be the original errors in calculation. There is nothing in the record to suggest that the delay was occasioned by some conscious, judgmental decision on respondent's part to continue paying petitioner at the higher rate. The decision to recoup was in furtherance of respondent's duty as a public official to protect public funds and ensure that they are expended in accordance with applicable statutes, rules and regulations. Respondent's determination was within his authority and had a rational basis. The judgment dismissing petitioner's application must, therefore, be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Casey and Weiss, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). To excuse the State for its errors in this case on the theory that they emanate from "electronic data processing problems" and are mere errors in rate computation, thus rendering the overpayments recoverable, is, in my view, an oversimplification of the problem as well as a violation of respondents' own rules and regulations. The computer failed to provide the necessary information at the time of the original computation of the 1980 rate, not because the computer made a mathematical error, but because someone failed in the performance of his or her duties, as an employee of the State, to comply with the requirements necessary to determine the proper rate, i.e., give the computer the necessary information. Clearly, this failure to so act was the cause of the problem. I fail to see how such "error" permits an otherwise unauthorized retroactive rate adjustment to become validated under one of the two exceptions provided by the department's rules and regulations (10 NYCRR 86-2.13; see *Hurlbut v Whalen,* 58 AD2d 311, 319, mot for lv to app den 43 NY2d 643). Accountability for loss, under these circumstances, should be assumed by those responsible therefor and not assessed against petitioner. Simple justice demands no less. Furthermore, *Matter of University of Rochester — Strong Mem. Hosp. v Whalen* (61 AD2d 867, mot for lv to app den 44 NY2d 646), crucial to the argument advanced by respondents, is not to the contrary. Not only is *Strong* factually distinguishable (the petitioner itself was seeking a prospective rate increase and was provided with an obvious erroneous rate), but the legal principle for which it stands is founded upon errors of commission in the rate-making process. Here we have a failure to act which, absent proof to the contrary, should be classified as a considered judgment on the part of the State and, thus, retroactive adjustment is prohibited (see *Hurlbut v Whalen, supra*). Finally, the "error" in failing to notify petitioner of the rate revision for

more than seven months after discovery thereof is egregious and inexcusable. The judgment should be reversed, and the petition granted.