*32 OPINION OF THE COURT
Meyer, J.
The overpayment of Medicaid reimbursement paid to a residential health care facility as a result of computer error in fixing the rate of reimbursement may be recovered by the State notwithstanding that the operator of the facility had no way of discovering the error and was not advised of it until seven months after State officials became aware of it. The order of the Appellate Division should, therefore, be affirmed, with costs.
The facts are not in dispute. Petitioner Daleview Nursing Home operates a combined nursing and health care facility in Farmingdale, Long Island. Both nursing and health-related care are covered by the Medicaid program (US Code, tit 42, § 1396 ff), participation by any given facility being a matter of choice for the provider. Reimbursement rates for both facilities were fixed for 1980 and 1981 approximately 60 days prior to the commencement of the particular year. In reliance upon those rates, petitioner elected to continue participation in the Medicaid program.
On June 22, 1981, petitioner was advised by the State’s Office of Health Systems Management that its 1980 and 1981 reimbursement rates had been computed incorrectly due “to electronic data processing problems” and that it had been overpaid to the extent of $150,961 during the 18-month period the incorrect rates had been in effect. It is undisputed that although petitioner did not receive notice of the error until June, 1981, it had been discovered by the State in November, 1980 and that on April 1, 1981, petitioner entered into a new union contract which raised employees’ salaries.
To review and enjoin the retroactive reduction and reimbursement thus imposed upon it, petitioner commenced this article 78 proceeding. Relying upon Matter of Hamptons Hosp. & Med. Center v Moore (52 NY2d 88) and Matter of University of Rochester-Strong Mem. Hosp. v Whalen (61 AD2d 867, mot for lv to app den 44 NY2d 646), Special Term dismissed the petition. On similar reasoning the Appellate Division affirmed, with one Justice dissenting on the ground that the State’s failure to act for seven *33 months after discovery of the error “should be classified as a considered judgment” and that the failure to notify petitioner was “egregious and inexcusable.” We affirm.
We have held many times that estoppel is not available against a governmental agency in the exercise of its governmental functions (Matter of City of New York v City Civ. Serv. Comm., 60 NY2d 436, 449; Granada Bldgs, v City of Kingston, 58 NY2d 705, 708; Public Improvements v Board of Educ., 56 NY2d 850, 852; Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 93, supra; Matter of Galanthay v New York State Teachers’ Retirement System, 50 NY2d 984, 986; Board of Supervisors v Ellis, 59 NY 620, 625). And, as was made clear in Moore (52 NY2d, at p 93, n 1), such exception as has been made to that rule is of “very limited application” and has been “addressed to an unusual factual situation.”
Petitioner does not dispute that the overpayment which the State seeks to recoup resulted from a computer error by reason of which not all of the factors required to be considered in fixing petitioner’s reimbursement rate were taken into account. Nor does it seek to contest the common-law right of action, also long recognized in this State (People v Journal Co., 213 NY 1, 8; Board of Supervisors v Ellis, 59 NY 620, 624 ff, supra; People v Fields, 58 NY 491, 505; Matter of Fahey v Whalen, 54 AD2d 1097, app dsmd 41 NY2d 900), to recover an overpayment of governmental moneys.
It argues, rather, (1) that respondent was not engaged in a governmental function, (2) that petitioner budgeted on the basis of the rate fixed by the computer and had no way of discovering during the 18 months it was being overpaid at the rate of almost $9,000 a month that the computer had erred, and (3) that at least as to the seven months after the State discovered the error but withheld informing petitioner of it, what is involved is not an error in calculation but an error of judgment.
The first two contentions can be quickly disposed of. In contracting with petitioner pursuant to the Medicaid program for skilled nursing care and health-related care for persons in need of those services, the Commissioner of *34 Health was acting in a governmental capacity (Schaubman v Blum, 49 NY2d 375, 379; Matter of Carillo v Axelrod, 88 AD2d 681); indeed was acting as a “regulatory governmental agency” (Solnick v Whalen, 49 NY2d 224, 232). Moreover, the severely limited recognition of estoppel as a defense to an action for recoupment stems not from the thought that the recipient of an overpayment may not have equities in his or her favor, but from considerations of sovereign immunity, protection of the public fisc, and separation of powers (Lee v Munroe, 7 Cranch [11 US] 366, 370; Board of Supervisors v Ellis, 59 NY 620, 625, supra; see Berger, Estoppel Against the Government, 21 U of Chi L Rev 680, 683), leading to the conclusion that it is better that the recipient “should now and then suffer by such mistakes, than to introduce a rule against the abuse of which * * * it would be very difficult for the public to protect itself” (Board of Supervisors v Ellis, supra, at p 625). If there is to be change in that long-accepted rule, as petitioner suggests, the change should come from the Legislature.
Judgment enters the equation not as an exception to the no-estoppel rule, but because the common-law right of recoupment does not extend to payments made under a statute which predicates determination of the amount to be paid upon judgmental considerations involving expertise and thus leaves that determination to the quasi-legislative discretion of the governmental official making it (Matter of Catholic Med. Center v Department of Health, 48 NY2d 967, 968-969; Hurlbut v Whalen, 58 AD2d 311, 318-319, mot for lv to app den 43 NY2d 643; United States v Barlow, 132 US 271, 280; see Matter of Mayflower Nursing Home v Office of Health Systems Mgt., 59 NY2d 935, 938; Matter of University of Rochester-Strong Mem. Hosp. v Whalen, 61 AD2d 867, 868, mot for lv to app den 44 NY2d 646, supra). Such judgment, if any, as was involved in the failure to inform petitioner of the error for seven months after the Commissioner discovered the computer error cannot be brought within that concept.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
*35 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Simons and Kaye concur.
Order affirmed, with costs.