■ In the Matter of ESTELLE KRAUSHAR, Respondent, v

KAREN BURSTEIN, as President of the New York State Civil Service Commission, et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered May 26, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Civil Service Commission finding that petitioner was not entitled to a monetary honors premium upon her promotion.

Although respondents do not seek remittal of this case, they do suggest that Supreme Court erred in granting relief to petitioner upon respondents' motion to dismiss *(compare,* CPLR 7804 [f], *with O'Hara v Del Bello,* 47 NY2d 363). We note, however, that the procedural confusion in this case can be traced directly to respondents' decision to move to dismiss the petition for failure to state a cause of action instead of answering the petition. Respondents'.motion is not based upon any defect in the petition, but upon the claim that, on the merits, petitioner is not entitled to any relief. Thus, respondents' motion papers contain the very same affidavits on the merits that would have been submitted with an answer. In these circumstances, an answer would have been the appropriate response to the petition, so that the matter could have been resolved on the return date in the prompt and efficient manner designed by the statutory framework for CPLR article 78 proceedings *(see,* CPLR 7804; *see also,* CPLR 409 [b]).

Turning to the merits, we agree with respondents that petitioner is not entitled to the relief which she seeks. At issue here is petitioner's entitlement, upon her appointment to the senior attorney title, to a $1,000 premium which had been added to her base salary as she advanced through the various traineeship levels of the State's legal careers program. Subsequent to petitioner's appointment as an attorney trainee in 1983, the Department of Civil Service implemented a revised attorney traineeship program. The announcement of this new program outlined a progressive route from entry level non-graded positions to the title of senior attorney and stated that "[p]erformance is to be evaluated every six months against established standards so that appointees are able to function at the senior attorney level at the completion of the traineeship". The announcement listed five entry levels of appointment, with corresponding salaries and qualifications. The salary for each of these five entry levels was marked by an asterisk which referred to the following statement: "At the discretion of the employing agency a $1000 premium may be added to the annual base salary for appointees who have

graduated in the top one-third of the class or were members of the editorial board of law school review." The announcement also listed as "Further Advancement Levels Within the Traineeship" the titles of attorney II and senior attorney, with corresponding salary ranges and qualifications. The salary ranges for these two titles were not marked by an asterisk.

Petitioner qualified for, and received, the $1,000 honors premium and she continued to receive this supplement to her base salary through her appointment to the attorney II advanced level title. Upon her appointment to the senior attorney title, however, the $1,000 premium was discontinued. In response to petitioner's request that the premium be reinstated, the Department of Civil Service explained that "[u]pon completion of the traineeship, the honors premium, in effect, is absorbed when the trainee advances to full performance level [of] Senior Attorney and earns the hiring rate of Grade 24". Respondent State Civil Service Commission denied petitioner's appeal, and she commenced this proceeding to annul the determination. Supreme Court held that, based upon the wording of the revised legal careers announcement, respondents were required to continue the payment of an honors premium throughout the entire traineeship, which included the senior attorney title. Judgment was granted in favor of petitioner. We reverse.

There is nothing in the revised legal careers announcement which would render respondents' determination arbitrary and capricious. Although there may be some ambiguity in the announcement as to whether the senior attorney title is part of the traineeship program, the honors premium is clearly limited to the five entry level titles, beginning with attorney trainee I and ending with attorney I. That petitioner continued to receive the honors premium upon her advancement to the attorney II title cannot estop respondents from discontinuing the premium when she reached the senior attorney title (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33). As respondents point out, the senior attorney title is a graded position, unlike the earlier titles in the traineeship program, and therefore salary is restricted to that specified by the Legislature in Civil Service Law § 130 (see, Civil Service Law § 131 [1]; § 135 [1]). The Civil Service Law authorizes certain enhancements to the statutorily prescribed salary schedule (see, e.g., Civil Service Law § 130 [7]), but an honors premium is not one of the specified enhancements. The judgment should, therefore, be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.