■ SALVATORE MESSINA et al., Appellants, v ABRAHAM BIDERMAN, as Commissioner of Department of Housing Preservation and Development of the City of New York, et al., Respondents.—In an action for specific performance of a purported contract for the sale of real property, and to recover damages for breach thereof, the plaintiffs appeal from an order of the Supreme Court, Kings County (Greenstein, J.), dated November 30, 1989, which granted the defendants' motion for summary judgment dismissing the complaint and canceling the notice of pendency and, denied the plaintiffs' cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

Pursuant to a Request for Proposals circulated by the City of New York through its Department of Housing Preservation

and Development as part of a "Shopsteading Program" aimed at offering small businesses the opportunity to purchase and renovate City-owned property, the plaintiffs submitted a proposal and were selected to exclusively negotiate with the City to purchase a site pursuant to a "Land Disposition Agreement". The letter of acceptance dated August 29, 1984, specified the property, described the plaintiffs' rights to exclusively negotiate with the City, and requested that the plaintiffs pay a "nonrefundable" deposit of $230, representing 2% of the proposed sales price of $11,500, which would be applied to the purchase price in the event the parties proceeded to closing.

Thereafter, the plaintiffs, in compliance with the terms of the Request for Proposals, made the necessary preparations for closing.

In June 1986 the plaintiffs, fearing that they would be "drop[ped]" from the program commenced an action to restrain the defendants from so doing. The matter was settled, and the terms of the settlement memorialized in a letter dated August 13, 1986.

Eventually the plaintiffs were dropped from the program as a result of their failure to comply with the terms of a letter from the Department of Housing Preservation and Development indicating, *inter alia,* that a nonextinguishing perpetual lien was to be placed on the subject property.

On appeal, the plaintiffs argue that the August 29, 1984, and August 13, 1986, letters gave them an enforceable contractual right to have their plan for development for the property submitted to the Board of Estimate and further, that they were entitled to recover damages based on the doctrine of promissory estoppel for the money expended in preparation for closing and additional "nonrefundable" deposits.

We disagree. It is well settled "in the common law of contracts in this State that a mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" *(Martin Delicatessen v Schumacher,* 52 NY2d 105, 109). Review of the record in this case establishes that the defendants merely agreed to negotiate with the plaintiffs and that the negotiations never resulted in a binding contract.

Further, we find that the doctrine of promissory estoppel is inapplicable to the facts of this case *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.