■ In the Matter of David Maineri et al., Appellants, v Syosset Central School District et al., Respondents. [714 NYS2d 763] —In a proceeding pursuant to CPLR article 78 to

review a determination of the Syosset Central School District and Board of Education of the Syosset Central School District, dated August 13, 1998, which denied the petitioners' grievance challenging a change in working hours, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered July 20, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The subject of the parties' dispute, which centers on working hours, is covered by the terms and conditions of the parties' collective bargaining agreement and, consequently, there is no further statutory duty to bargain collectively with respect to the matter (see, Civil Service Law § 204). In addition, a claim regarding the improper labor practice of failing to bargain in good faith may not be validly asserted (see, Civil Service Law § 209-a [1] [d]; Matter of Roma v Ruffo, 92 NY2d 489). Under these circumstances, the exclusive jurisdiction of the Public Employment Relations Board is not triggered, and the petitioners properly sought redress pursuant to the contract grievance procedure and by commencing this proceeding pursuant to CPLR article 78 in the Supreme Court.

The respondents did not violate the parties' collective bargaining agreement by altering the petitioners' working hours. The parties' collective bargaining agreement does not establish the petitioners' right and entitlement to specific hours of work, and in the absence of such entitlement there can be no violation of the contract by the alteration of those hours.

Furthermore, the respondents, as municipal entities, may not be estopped from changing the petitioners' working hours to correct errors in those hours, since the challenged alteration concerns the performance of a governmental function (see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30). Under these circumstances, the respondents' denial of the petitioners' grievance was neither arbitrary nor capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.