## (November 18, 1965)

■ In the Matter of JOHN M. LAWRENCE, Petitioner, v. SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK, et al., Respondents.— Petition brought under article 78 CPLR in the nature of a writ of prohibition, unanimously dismissed, without costs. Prohibition does not lie to correct alleged error or to prevent prospective error where the court has jurisdiction of the subject matter before it. The extraordinary remedy sought may not be employed where such error, if any, " may be remedied by way of appeal, and where no extreme necessity is shown." (*Matter of Hodes* v. *Helman*, 19 A D 2d 603, 604.) There is, therefore, no basis upon which to grant petitioner the relief he seeks. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ In the Matter of 128 REST. INC. v. STATE LIQUOR AUTHORITY.— Under CPLR 5701 (subd. [c]), a motion for leave to appeal to this court must be made to an individual Justice thereof. Accordingly, this motion was referred to Hon. HAROLD A. STEVENS, an Associate Justice of this court, who makes the following disposition: Motion for leave to appeal to this court from the order of the Supreme Court, New York County, entered on October 5, 1965 is granted and a stay is also granted on condition that the appeal is perfected for December 7, 1965. Stevens, J.

## (November 23, 1965)

■ ESTERYA MENON, Respondent, v. LYCEE FRANCAIS KENNEDY et al., Appellants.— Order, entered on April 28, 1965, and resettled order entered same date, unanimously reversed and vacated, on the law, with $30 costs and disbursements to defendants-appellants, and defendants' motion to dismiss complaint granted, with $10 costs. The complaint, which prays for an " injunction * * * requiring the defendants to allow the [plaintiff's] child to continue her education in the Fourth Grade [in defendants' school] without disruption ", fails to set forth the essential facts showing a cause of action for such relief or any relief. It would appear that the plaintiff is claiming breaches of contract by the defendants, but the complaint fails to set forth the essential terms and conditions of any contract, and there is no showing of any damage to plaintiff. Furthermore, the complaint, which also contains allegations of tortious acts, fails to show any injury from such acts. Therefore, the complaint does not comply with the minimal requirement of CPLR that the statements in a complaint must be " sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense " (CPLR 3013). There is a failure to state the essential facts constituting the material elements of any cause of action. (See *Foley* v. *D'Agostino*, 21 A D 2d 62, 63; *Shapolsky* v. *Shapolsky*, 22 A D 2d 91; *Duross Co.* v. *Evans*, 22 A D 2d 573.) Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.