■ In the Matter of JASON SILBERMAN, Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.—Judgment, Supreme Court, New York County, entered October 13, 1978, dismissing the petition in this CPLR article 78 proceeding, in the nature of prohibition, unanimously affirmed, without costs or disbursements. While Special Term correctly dismissed the petition, it relied improperly on mootness in so doing, as respondent concedes. Nor is the proceeding barred by the Statute of Limitations, which begins to run on the date of the final order of determination after the hearing, not on the date of notice of the administrative hearing. Petitioner's argument that the new charges are, in substance, the same as those dismissed after the initial hearing, and now masqueraded under a different label, may well have merit. Thus, a defense of *res judicata,* which, generally, is applicable to administrative hearings *(Matter of Evans v Monaghan,* 306 NY 312; 2 Davis, Administrative Law Treatise, § 18.03) would lie. A CPLR article 78 proceeding in the nature of prohibition, however, is inappropriate here inasmuch as there has been no showing of lack of administrative jurisdiction or clear excess of power. (See *Matter of State of New York v King,* 36 NY2d 59, 62; *Matter of Lawrence v Supreme Ct. of State of N. Y., County of N. Y.,* 24 AD2d 849.) At most, petitioner is raising an issue which should properly be a defense in the administrative proceeding. In the event he is unsuccessful, he may, then, of course, challenge the adverse determination in a CPLR article 78 proceeding. Concur—Fein, J. P., Sullivan, Lane, Lupiano and Ross, JJ.