OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 We agree with the Appellate Division that there is substantial evidence in the record to support the commissioner’s determination that petitioner’s lease was a non-
 
 *938
 
 arm’s length arrangement within the meaning of former section 86.28 of the departmental regulations (former 10 NYCRR 86.28) and that those regulations rather than the instructions on the HE-2 form establish the standard by which nonarm’s length arrangements are to be determined. At issue in this proceeding is not whether petitioner intentionally misled the department but whether the department was entitled to adjust the rates earlier determined on the basis that the lease arrangement was arm’s length after the error in that characterization was discovered. Moreover, because the department’s reimbursement determination adjusted for the error, and did not result from a mere error of judgment on the part of the department, it involved no violation of former section 86.16 of the regulations (former 10 NYCRR 86.16)
 
 (Matter of Demisay v Axelrod,
 
 87 AD2d 667, mot for lv to app den 57 NY2d 602;
 
 Matter of University of Rochester Strong Mem. Hosp. v Whalen,
 
 61 AD2d 867, mot for lv to app den 44 NY2d 646).
 

 Nor has any due process right of petitioner been violated. It has been afforded the hearing required pursuant to
 
 Matter of White Plains Nursing Home v Whalen
 
 (42 NY2d 838, cert den 434 US 1066). The hearing was, moreover, one held upon demand of petitioner to review the department’s reimbursement determination, as the Supreme Court order of April 24, 1978 and the department’s notice of hearing dated October 30, 1978 clearly show, and the burden of proof was, therefore, upon petitioner (State Administrative Procedure Act, § 306, subd 1). Indeed, petitioner’s counsel so recognized, for the issue as he phrased it to the hearing officer was “who has the burden of going forward,” and he then presented a documentary case and rested subject to introducing rebuttal after the department’s evidence had been presented.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 Judgment affirmed, with costs, in a memorandum.