■ STATE OF NEW YORK, Respondent, v SOLOMON WACHSMAN et al., Appellants, et al., Defendant.—In an action to recover Medicaid moneys reimbursed to and received by the defendants, the defendants appeal from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 13, 1985, which is in favor of the plaintiff and against them in the principal amount of $91,492.88.

Ordered that the notice of appeal from an order of the same court, dated August 6, 1985, which, *inter alia,* granted the plaintiff's motion for summary judgment, is treated as a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]); and it is further,

Ordered that the purported appeal by the defendant Leo C. Rapaport is dismissed. That defendant died before the entry of the judgment appealed from and no substitution has taken place as required by CPLR 1015. Under the circumstances, that part of the order which involves the defendant Rapaport is a nullity, and this court has no jurisdiction to determine his purported appeal; and it is further,

Ordered that the judgment, insofar as it pertains to the defendants Solomon Wachsman and Alexander C. Moskovits, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the defendants Wachsman and Moskovits.

Generally, the State has six years after receiving a Medicaid recipient's annual financial report upon which it bases the recipient's rate of Medicaid reimbursement to initiate an

audit of those reports. Thus, pursuant to the regulations concerning audits of residential health care facilities (see, 10 NYCRR 86-2.7 [a], [b], [c]), all initially determined reimbursement rates are to be provisional until the audit is completed. The recipient then has 30 days to contest the audit adjustments after it receives the audit report; otherwise, the audit becomes final and the State's cause of action for excessive Medicaid reimbursement payment accrues. If the audit report is contested, the recipient is allowed a bureau review of its objections, and the reviewed audit report becomes final 30 days after the recipient receives it unless, within that 30-day period, the recipient presents its objections to the Commissioner of the Department of Health for a hearing (see, 10 NYCRR 86-2.7 [e], [f]). The defendants here have failed to initiate a challenge of the reviewed audit report before the Commissioner, and therefore, the audit became final on June 23, 1979, at which time the State's cause of action for these overpayments accrued (cf. State of New York v Farragut Nursing Home, 116 Misc 2d 437, affd 99 AD2d 776). Therefore, since this action was commenced 15 months after the reviewed audit report became final, the bar of the Statute of Limitations does not apply here, whether it be a six-year period for money had and received or misappropriation of public property (see, CPLR 213 [2], [5]), or a three-year period for enforcing a determination of the Commissioner of Health under Public Health Law § 2803 (5) (see, CPLR 214 [2]).

The defendants' claim that retroactive modification of Medicaid rate reimbursements is prohibited by 10 NYCRR 86-2.13, is barred by the doctrines of exhaustion of administrative remedies and res judicata (see, Aldrich v Pattison, 107 AD2d 258; Ryan v New York Tel. Co., 62 NY2d 494). Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.