■ STATE OF NEW YORK, Respondent, v MAYFLOWER NURSING HOME et al., Appellants.—In an action to recover Medicaid overpayments, the defendants appeal (1) from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated July 24, 1986, as granted that branch of the plaintiff's motion which was for summary judgment on the second, third and fourth causes of action and denied that branch of their cross motion which was for summary judgment dismissing those causes of action, and (2) from a judgment of the same court, entered September 30, 1986, as amended by an order of the same court, dated December 2, 1987, which was in favor of the plaintiff and against the defendants in the principal amount of $966,579.

Ordered that the appeal from the order dated July 24, 1986, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment, as amended, is modified, on the law, by adding thereto a decretal paragraph dismissing the plaintiff's second cause of action; as so modified, the judgment, as amended, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated July 24, 1986, is amended by deleting the provision granting that branch of the plaintiff's motion which was for summary judgment on its second cause of action, and the provision denying that branch of the defendant's cross motion which was for summary judgment dismiss-

ing the second cause of action and substituting therefor provisions denying that branch of the motion and granting that branch of the cross motion.

The appeal from the intermediate order, dated July 24, 1986, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment, as amended (CPLR 5501 [a] [1]).

A partnership consisting of Carla Eckstein (25%), Max Lewko (25%) and Eta Gottlieb (50%) owned and operated a nursing home facility known as the Mayflower Nursing Home (hereinafter Mayflower), located at 601 West End Avenue in New York City, from November 1969 until July 1975, when the operating certificate of Mayflower was revoked or surrendered. During that period Mayflower received reimbursement from public funds for providing nursing home services to Medicaid recipients. The Department of Health of the State of New York was responsible for determining the rates at which such long-term care facilities were reimbursed for the costs incurred in providing services to Medicaid-eligible patients. These determinations were based in part on cost information supplied by the individual long-term care facilities, whose operators filed Health Department form HE-2P to provide that information. These annual reports were periodically audited by the State for correctness and validity of the claimed costs of the services furnished and of the maintenance of the facility.

By letter dated July 27, 1973, the Director of the State of New York Department of Health informed the defendant Lewko, in his capacity as administrator of Mayflower, that unwarranted funds had been paid to and received by it. The Director informed Lewko that the stated adjustments would be final unless Mayflower registered a protest within 30 days. No protest was registered.

In 1975 the State Department of Health ascertained that the lease for which Mayflower had been reimbursed by Medicaid was not the result of an arm's length transaction, so that the full reimbursements that Mayflower had been receiving were unwarranted. As an initial measure, the State directed that $250,000 in Medicaid payments be withheld. The instant defendants sued to recover this amount, and the State counterclaimed for approximately an additional $600,000 for lease

reimbursement payments for the years 1970-1974. Withholding determination of a motion by the instant defendants for partial summary judgment, by judgment dated April 24, 1978 the court instead dismissed the petition and counterclaim, granting both the instant defendants and the State Department of Health leave to demand an appropriate administrative hearing. Following the hearing, a Hearing Officer concluded that Mayflower owed the State $966,579, which the three nursing home partners were directed to pay by order of the Director of the Office of Health Systems Management dated October 22, 1980. The defendants challenged this order by CPLR article 78 proceeding, and the order was ultimately confirmed by the Appellate Division, Third Department, and the Court of Appeals (Matter of Mayflower Nursing Home v Office of Health Sys. Mgt., 88 AD2d 192, affd 59 NY2d 935).

In or about July 1985 the State commenced the instant action against Mayflower and its partners in an effort to collect the $966,579, plus interest. Its four causes of action alleged that it was seeking to enforce a money judgment, to enforce a determination of the Commissioner of Health, to recover moneys had and received, and to regain misappropriated public property. Following a motion by the State for summary judgment and a cross motion by the defendants to dismiss the complaint, the court dismissed the State's first cause of action, but awarded summary judgment to it on the remaining three.

On appeal, the defendants argue that the State's causes of action were barred by the applicable Statutes of Limitation, and that in any event the State may not enforce the Director's order against the individual defendants' personal assets, since they had not been individually named or served in the administrative proceeding. We disagree.

Here, as in Matter of Silberman v Whalen (70 AD2d 537), "the Statute of Limitations * * * begins to run on the date of the final order of determination after the hearing", and not, as the defendants would have it, in July 1973 when the State first had cause to believe that Mayflower owed it money, or at any other intermediate date before the issuance of the order of the Director of the Office of Health Systems Management on October 22, 1980. However, we note that the plaintiff's second cause of action to enforce a determination of the Commissioner of Health may not stand since proceedings to compel compliance with such an order must be commenced within three years of the issuance of the order (Public Health Law § 2803 [5]; CPLR 214 [2]). Under such a theory, therefore,

the second cause of action should have been interposed before October 22, 1983.

Even though the plaintiff's second cause of action should have been dismissed, the amount awarded to the plaintiff by the judgment need not be modified, since that award is appropriate under the third and fourth causes of action under which the plaintiff was properly granted summary judgment. As has been held in *State of New York v Wachsman* (125 AD2d 390, *lv denied* 69 NY2d 609), the State's cause of action to recoup Medicaid overpayments does not accrue until an audit of the precise sums due and owing has become final. In the instant case, the State did not become aware of the exact amount of money owed to it by the defendants until the promulgation of the order of the Director of Health Systems Management on October 22, 1980. Its commencement of an action on July 25, 1985, was therefore timely under the six-year Statute of Limitations for either money had and received or misappropriation of public property *(see,* CPLR 213 [2], [5]).

As is made clear in *Martinoff v Triboro Roofing* (228 NYS2d 139), a partner can be individually bound by a judgment, over and above his interest in the partnership property, if he "authorized an appearance therein on his behalf", since such appearance "would be equivalent to the service of a summons upon him", provided that he had "knowledge that there is an action pending" as well as "the intention to appear therein" *(supra,* at 142). In the instant case, the individual defendants were personally notified of all proceedings, so that they were aware of the pending action, and all partners expressly appeared by counsel. The State may therefore recover against their individual assets. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.