■ In the Matter of REGO PARK NURSING HOME, Petitioner,

v CESAR PERALES, as Commissioner of the New York State Department of Social Services, Respondent. [615 NYS2d 773] — Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which directed petitioner to pay restitution for an overpayment of Medicaid funds.

Petitioner operated a skilled nursing facility in Queens County as a provider in both the State Medicaid Assistance for Needy Persons Program (hereinafter Medicaid) and the Federal Health Insurance for the Aged and Disabled Program (hereinafter Medicare). In 1990, following an audit, the Department of Social Services determined that petitioner had been overpaid in 1986 and 1987 as the result of Medicaid reimbursement for daily care to patients and compensation from Medicare part B (Voluntary Supplemental Benefits) for certain components of daily care to patients called ancillary services, which consist of physical, speech and occupational therapies. In a draft audit report, the Department concluded that petitioner was required to refund $31,488 of the Medicaid reimbursement it received on the premise that the Medicare part B payment for ancillary services overlapped the Medicaid reimbursement for daily care.

Petitioner challenged the report, contending that its actual costs for providing the ancillary services had increased significantly more than the payments it had received from Medicaid, and in fact, exceeded its combined revenues from both Medicaid and Medicare. Following a rejection of the contentions, an administrative hearing was held at which the Administrative Law Judge (hereinafter ALJ) ruled that petitioner was precluded from raising two issues, i.e., whether the Department miscalculated the number of Medicaid patient days and whether the Department erroneously assumed that all Medicare part B benefits received were for Medicaid patients. The rejection was based on petitioner's failure to preserve the issues by failing to raise the two issues in its response to the draft audit report (see, 18 NYCRR 519.18 [a]).

Thus, the ALJ heard and decided only whether the Department had used the correct methodology in determining if an overpayment of Medicaid reimbursement was made for 1986 and 1987. The challenge to the methodology used was rejected, as was petitioner's argument that the Department should be estopped from using any methodology for recoupment pur-

poses other than the "Beth Abraham model".* Petitioner then commenced this CPLR article 78 proceeding seeking judgment annulling the determination. The proceeding has been transferred to this Court pursuant to CPLR 7804 (g).

It is well established that Medicaid is the payor of last resort *(see, Matter of Harr-Wood Nursing Home v Perales,* 113 AD2d 535), which means that a provider of services must first seek and exhaust payment for services rendered to an eligible recipient from all other sources including Medicare benefits. In addition, a Medicaid provider must agree to apply for, and to accept, Medicaid benefits as full payment *(see,* 42 CFR 447.15; 18 NYCRR former 360.27, repealed Mar. 1, 1989; 18 NYCRR 540.7 [a] [8]). Thus, when petitioner accepted payment from Medicaid for its daily care for patients which included the aforementioned ancillary services, the Department became entitled to fully recoup any third-party benefits petitioner received from other sources for the same services, including payments from Medicare part B *(see,* 18 NYCRR 540.6 [e]; *Matter of Harr-Wood Nursing Home v Perales, supra; see also, Hallmark Nursing Ctr. v Menaldino,* 88 AD2d 1042). Petitioner argues that its full cost of daily care including the ancillary services exceeds its Medicaid reimbursement rate because its 1983 base year cost, even trended for inflation, did not include the cost of ancillary services instituted subsequent to 1983. Thus, petitioner claims that it still has not been made whole despite the Medicare benefits received for ancillary services.

Notwithstanding the foregoing, since petitioner is bound by its agreement to accept the daily rate paid by Medicaid as the payor of last resort *(see, Matter of Harr-Wood Nursing Home v Perales, supra,* at 537), substantial evidence supports the determination. We reject petitioner's argument that the Beth Abraham model somehow limited its commitment to reimburse the Department only in the event it received third-party funds which resulted in payment exceeding the Medicaid reimbursement rate. As previously stated, that methodology is no longer in use and, all else aside, the Department cannot be estopped from refusing to utilize the model since estoppel does

---

* The "Beth Abraham model" was an optional, rather than a compulsory, methodology which had been offered to settle recoupment claims against skilled nursing facilities in lieu of hearings prior to 1986. The methodology permitted a facility to retain Medicare part B benefits provided the total amount received from Medicaid and the Medicare part B benefits did not exceed the actual cost of services furnished. Significantly, the Beth Abraham model methodology is no longer in use.

not lie against a governmental entity seeking recoupment of public funds *(see, Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33-34; see also, Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130-131; New York Health Facilities Assn. v Axelrod, 154 AD2d 10, 14).*

Finally, we agree the ALJ was correct in holding that petitioner's response provided no explanation for, or sufficient notice of, its disagreement with the draft audit, specifically in respect to the alleged miscalculation of the overpayment and the number of Medicaid patient days involved. Therefore, the ALJ properly rejected the arguments *(see, Westmount Health Facility v Bane, 195 AD2d 129, 132-133; Matter of Tobon v Bane, 192 AD2d 851, 853).*

Cardona, P. J., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.