■ STATE OF NEW YORK, Appellant, v MONICA E. HOLLANDER, Individually and as Executor of EUGENE HOLLANDER, Deceased, et al., Respondents. [664 NYS2d 862] —Spain, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 23, 1996 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint at the close of plaintiff's case.

The facts in this matter are not in dispute. At all times relevant herein, defendants* operated four nursing homes in New York. In 1976 an audit was performed of the nursing homes' activities in order to determine whether defendants had received Medicaid overpayments. Upon completion of the audit in April 1976, the auditor brought the preliminary findings to the Bureau of Health Care Reimbursement for the construction of new, revised rate sheets based on the audits. After completion of the audit, the auditors started preparation of the draft copy of the audit report. In May 1976, defendants' counsel asked to review the rate sheets that had been prepared based on the audit findings. Defendants' counsel also asked that a closing conference be held to meet with audit staff to have the audit findings explained. The record reveals that defendants and their counsel failed to attend the scheduled closing conference and, further, that a final written audit report was prepared by the staff of the Department of Health and turned over to the Attorney-General. Significantly, copies of the audit report were neither mailed nor served upon defendants or their counsel before commencement of this litigation. The record does reveal, however, that in 1982, during discovery in the instant action, plaintiff provided defendants' counsel with copies of the audit report.

Thereafter, as a result of the audit, plaintiff commenced this action in 1976 seeking to recover what it claimed it overpaid to

---

* Eugene Hollander died on December 25, 1996 while the instant appeal was pending. Thereafter, Monica Elizabeth Hollander, as executor of the estate of Eugene Hollander, was substituted as a party.

defendants in their Medicaid reimbursement rates. Plaintiff claimed that the overpayments were made to defendants based on false and misleading information given to the Department of Health. A nonjury trial was commenced in 1993 and at the close of plaintiff's case defendants moved for summary judgment based upon plaintiff's failure to state a cause of action. Supreme Court granted the motion and dismissed the complaint. Plaintiff now appeals.

We affirm. Initially, we note that a motion based upon a failure to state a cause of action under CPLR 3211 (a) (7) may be raised "at any time even if such objection [was] not raised in the answer" (*State of New York v Wolowitz*, 96 AD2d 47, 54; *see*, CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:58, at 79). Upon our review of the record, we conclude that there was no procedural impediment to Supreme Court's consideration of defendants' motion to dismiss.

Next, it is well settled that a cause of action to recover Medicaid overpayments does not accrue when the payments were individually made but rather when a final agency determination has been made (*see*, *State of New York v Uzzillia*, 156 AD2d 261, 262; *State of New York v Mayflower Nursing Home*, 144 AD2d 657, 660; *State of New York v Wachsman*, 125 AD2d 390, 391, *lv denied* 69 NY2d 609). Medicaid payments are deemed provisional until an audit has been performed and completed and an opportunity to object has been afforded the provider (*see*, *Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 178, *cert denied* 476 US 1115; *State of New York v Franklin Health Lab.*, 229 AD2d 641, 643, *lv dismissed* 88 NY2d 1065); defendants' opportunity to object only occurred after service of the final audit findings and, upon objection, defendants were entitled to a hearing (*see*, *Matter of White Plains Nursing Home v Whalen*, 42 NY2d 838, 839-840, *cert denied* 434 US 1066). Furthermore, after such hearing, if defendants were still dissatisfied, they could then have filed a petition under CPLR article 78 (*see*, *Matter of Mayflower Nursing Home v Office of Health Sys. Mgt.*, 88 AD2d 192, 194, *affd* 59 NY2d 935).

Here, it is undisputed that plaintiff failed to follow its own regulations in effect at the time of the 1976 audit. These regulations provided for an elaborate administrative procedure to challenge audit findings (*see*, 10 NYCRR former part 86); specifically, plaintiff was to mail final audit findings to medical facilities who then had 30 days to appeal such findings (10 NYCRR former 86.8 [d]). In our view, plaintiff's failure to

provide defendants with final audit findings denied defendants the opportunity to respond through the established administrative remedies. Further, we agree with Supreme Court that plaintiff's delivery of the audit report six years later in the context of a discovery response does not cure plaintiff's failure to timely serve defendants.

Next, we reject plaintiff's contention that its common-law right to recover an overpayment of governmental moneys does not require the issuance of a final administrative determination. As stated in *Matter of Daleview Nursing Home v Axelrod* (62 NY2d 30, 34), "the common-law right of recoupment does not extend to payments made under a statute which predicates determination of the amount to be paid upon judgmental considerations involving expertise and thus leaves that determination to the quasi-legislative discretion of the governmental official making it". Pursuant to Public Health Law § 2807, in effect at the time of this action, the Commissioner of Health had total responsibility for establishing Medicaid reimbursement rates (*see, Matter of Kaye v Whalen,* 56 AD2d 111, 112-114, *affd* 44 NY2d 754, *appeal dismissed* 439 US 922). In our view, plaintiff could not usurp this responsibility and bypass the administrative process in favor of pursuing common-law remedies.

Mercure, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.