■ In the Matter of ANTHONY M. Ezzo et al., Respondents, v CITY OF SCHENECTADY, Appellant. [777 NYS2d 549]—

Rose, J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 11, 2003 in Schenectady County, which granted petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to file late notices of claim.

Petitioners are former police officers who sustained disabling injuries while employed by respondent. In 1999, they gave up their rights under General Municipal Law § 207-c and retired in exchange for respondent's promise to pay each of them workers' compensation benefits of $400 per week for life. When respondent repudiated the agreement and reduced the payments in May 2000, petitioners applied to the Workers' Compensation Board for recognition and enforcement of the agreement. By decisions in May and December 2002, the Board denied their applications, finding no evidence of a binding agreement. Thereafter, in May 2003, petitioners moved for permission to file late notices of claim. Finding that the applicable limitations period for their proposed claims of mutual mistake, fraudulent inducement and unjust enrichment did not begin to run until the Board denied their applications, Supreme Court granted their motion. Respondent appeals.

To the extent that petitioners are required to file notices of their claims (*see Stanford Hgts. Fire Dist. v Town of Niskayuna*, 120 AD2d 878, 879 [1986]), the applicable limitations period is one year and 90 days from "the happening of the event upon

which the claim is based" (General Municipal Law § 50-i [1]; *see Klein v City of Yonkers*, 53 NY2d 1011, 1013 [1981]; *Kitonyi v Albany County*, 128 AD2d 1018, 1019 [1987]; *Doyle v 800, Inc.*, 72 AD2d 761, 762 [1979]).* Supreme Court erred in finding that the triggering event here was the Board's denial of petitioners' applications because they now do not seek judicial review of the Board's actions (*cf. Ford v Snashall*, 275 AD2d 493, 494 [2000]). Inasmuch as they now seek damages or reinstatement instead, they were not required to first pursue an administrative remedy. Their claims to this alternative relief became actionable when respondent repudiated its agreement (*see Bellanca v Grand Is. Cent. School Dist.*, 275 AD2d 944, 945 [2000]).

Also, Supreme Court's reliance upon *State of New York v Hollander* (245 AD2d 625 [1997], *lv denied* 92 NY2d 801 [1998]) and *State of New York v Mayflower Nursing Home* (144 AD2d 657 [1988]) is misplaced, for those cases hold that a common-law cause of action to recover Medicaid overpayments accrues only upon a final administrative determination of the amount of overpayment. By contrast, petitioners' claims were not dependent on an administrative determination of the amount of benefits to be paid. They merely sought to enforce respondent's agreement as to that amount in an administrative forum before seeking alternative relief in a judicial one. There was no bar to the assertion of those claims simultaneously.

In short, petitioners' claims were triggered by respondent's repudiation of the agreement in May 2000. Thus, they would be timely only if asserted within one year and 90 days thereafter (*see Bellanca v Grand Is. Cent. School Dist., supra* at 945). Inasmuch as petitioners did not seek to file late notices of claim until May 2003, Supreme Court lacked authority to grant their motions (*see Pierson v City of New York*, 56 NY2d 950, 954-955 [1982]; *Schwinghammer v Sullivan W. Cent. School Dist.*, 2 AD3d 1126, 1126-1127 [2003]; *Serkil, L.L.C. v City of Troy*, 259 AD2d 920, 921-922 [1999], *lv denied* 93 NY2d 811 [1999]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and application denied.

---

* Notably, plaintiffs' nontort claims, if any, would not be constrained by this limitation.