■ ROBERT H. HURLBUT, Doing Business as HURLBUT NURSING HOME, Petitioner, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents. — Determination unanimously confirmed and petition dismissed, without costs. Memorandum: Petitioner, the owner of a nursing home, brought this CPLR article 78 proceeding, transferred to this court, to review the determination of the State Commissioner of Health in reducing petitioner's Medicaid reimbursement rate. Petitioner had initially leased the nursing home and the capital cost component of petitioner's rate was based upon rents under the lease. After petitioner exercised an option contained in the lease and purchased the property, the Commissioner recomputed petitioner's reimbursement rate using a capital cost component based upon the estimated cost of the property when the building was constructed. In doing so, the Commissioner acted under regulations of the Department of Health (10 NYCRR 86-2.21 [c] [3]; [e], [g]) which provide that upon expiration of a lease, the capital cost component shall be computed with regard to the original cost of the facility. ¶ We reject petitioner's contention that these regulations are not authorized by and are inconsistent with the provisions of the Public Health Law. They were promulgated under section 2808 (subd 1, par b) of the Public Health Law which directed the Commissioner to adopt regulations providing for the computation of real property costs "upon a cost valuation basis of the facility as determined by the commissioner". Under this statute, the Commissioner was authorized to promulgate regulations requiring that the capital cost component be computed upon the original cost of the property and not upon the purchase price to a new owner such as the petitioner. ¶ We also reject petitioner's contention that the reduction in petitioner's reimbursement rate violates 10 NYCRR 86-2.21 (f) (3) which states that "[t]he capital cost component shall not be affected by any sale, lease or transfer occurring after March 10, 1975." This provision was designed to contain Medicaid costs and, consistent with the requirement that the capital cost component be based on original cost, was meant to prevent an increase in that component by a sale, lease or transfer of the facility. ¶ We disagree with petitioner's contention that the regulations lack rationality as applied to his case. There is no reason why petitioner's reimbursement rate should continue to be based upon the rental payments in the terminated lease, nor is there any reason why his case should be an exception to the rule that the capital cost component shall be based upon original property costs. As stated in *Matter of Sigety v Ingraham* (29 NY2d 110, 115-116), no taking of property is involved here: "The possible fact that the Commissioner's rule adversely affects petitioner's business is no ground for declaring such rule invalid or unreasonable." ¶ We determine, also, that the Commissioner properly applied the new reimbursement rate retroactively. This is not a case where an overpayment was properly calculated but the actual costs were less than anticipated, but it is analogous to the cases where costs were improperly calculated (see *Matter of Daleview Nursing Home v Axelrod,* 91 AD2d 1161, 1162, affd 62 NY2d 30). Here, after the termination of the lease, it was no longer proper to base the

reimbursement rate upon the rental formerly paid under the lease. ¶ Finally, we hold that there was substantial evidence to support the determination that petitioner suffered no hardship as a result of the reduction in his Medicaid reimbursement rate. (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Siracuse, J.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.