■ PINNACLE NURSING HOME, Respondent, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants.—Judgment unanimously reversed, on the law, without costs, and petition dismissed. Memorandum: Petitioner acquired subject nursing home in July of 1977 for $2.7 million. It applied for and received Medicaid reimbursements for 1977 through 1979 based upon the 1977 purchase price. Respondent Commissioner then determined that the reimbursement rate for 1980, 1981 and 1982 should be reduced by $8,500 annually because the capital cost component of the rate should be based upon historical costs without consideration of the 1977 purchase of the facility *(see,* 10 NYCRR 86-2.21 [f] [3]). Petitioner then commenced this CPLR article 78 proceeding to review that determination. The court determined that the regulation relied upon by the Commissioner did not apply to the unique facts of this case.

We disagree. The regulation (10 NYCRR 86-2.21 [f] [3]) provides that "[t]he capital cost component shall not be affected by any sale, lease or transfer occurring after March 10, 1975." Petitioner has shown no reason why this regulation should not be applied to this case or that its application was arbitrary and capricious. Thus, the court erred by setting the determination aside *(see, Hurlbut v Axelrod,* 101 AD2d 999). Although petitioner now contends it was unaware of the historical cost figure, which was determined in a 1975 audit of Pinnacle's predecessor, there is no showing that the rate reduction will impose a financial hardship requiring recognition of an exception to the rule. The fact that prior reimbursements were based upon the actual purchase cost does not bar the Commissioner from rectifying the error by readjustment of the reimbursement rate *(Matter of Westledge Nursing Home v Axelrod,* 68 NY2d 862, 864-865). (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—art 78.) Present—Callahan, J. P., Denman, Boomer, Green and Balio, JJ.