In the Matter of EASTMAN DENTAL CENTER, Appellant, v DAVID AXELROD, as Commissioner of Health of the State of New York, Respondent.

Third Department, July 9, 1987

APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (Judith M. Norman* and *David M. Schraver* of counsel), for appellant.

*Robert Abrams, Attorney-General (Clifford A. Royael* and *William J. Kogan* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

In March 1985, petitioner, a voluntary diagnostic, treatment, educational and research dental facility, sought respondent's assistance in expediting certain Medicaid reimbursement rate appeals that petitioner believed were pending. In May 1985, petitioner received a response indicating the status of the various appeals. With respect to appeal No. 032908, petitioner was informed that the appeal had been denied at the "bureau level" on August 27, 1981 and that "the administrative appeal avenues are closed for this appeal". When petitioner's attempts to reopen the administrative appeal process as to appeal No. 032908 proved fruitless, the instant proceeding was commenced. Respondent moved to dismiss the petition for failure to exhaust an administrative remedy and Special Term granted the motion. We affirm.

The relevant administrative appeal procedure applicable to petitioner's appeal No. 032908 consisted of two steps (see, 10 NYCRR 86-1.17). The first step required that an appeal be submitted on forms provided by the Department of Health within 120 days of the facility's receipt of its rate. This first-step appeal is conducted by Department personnel, with their response indicated in the spaces provided on the appeal forms. Upon receipt of the response to its first-step appeal, a facility has 30 days to proceed to the second step of the appeal process by requesting an administrative hearing. In the case at bar, petitioner was advised of its rate for the period April 1, 1980 to March 31, 1981 in July 1980, and petitioner timely submitted a letter, dated November 19, 1980, stating its intent to appeal and requesting additional time, until December 31, 1980, to submit documentation supporting the appeal. By letter dated November 24, 1980, the Department acknowledged receipt of the appeal and indicated that this appeal had been assigned No. 032908. The record contains subsequent correspondence in which petitioner requested and the Department granted extensions to file petitioner's 1979 cost report (form HE-3V). Petitioner apparently contends that it had been advised by Department personnel that its 1979 costs report was an integral part of the appeal documentation and that, therefore, the extensions for the filing of that report also applied to the filing of the appeal documentation, but there is no support in the record for this claim. On the contrary, the correspondence requesting and granting those extensions con-

tains no reference to appeal No. 032908, and the rules and regulations contain separate and distinct provisions governing cost reports (see, 10 NYCRR 86-1.3) and administrative appeals (see, 10 NYCRR 86-1.17).

Petitioner's failure to submit documentation on appeal No. 032908 resulted in a notice from the Department, dated August 27, 1981, stating that the appeal was considered closed due to the lack of documentation. Petitioner contends that upon receipt of this notice, it contacted Department personnel, who advised petitioner to summarize the sequence of events that caused the delay in filing documentation and assured petitioner that the delay would not bar petitioner's appeal. On November 20, 1981, petitioner submitted "Consolidated Appeal Documents for Appeal No. 032908",[1] which included a detailed recitation of the background facts concerning the delay. The Department took no action in response to this filing, and respondent justifies this inaction by citing to the requirement that the second step of the administrative appeal process be initiated within 30 days of notification of the determination at the first step.

Respondent does not seek dismissal herein on the basis of any claimed failure by petitioner to initiate or perfect its administrative appeal at the first step of the process. Rather, respondent's objection is aimed at petitioner's failure to pursue its appeal to the second step of the appeal process within 30 days of being notified of the determination at the first step.

Upon receipt of the notice dated August 27, 1981 closing its appeal for failure to submit documentation within the time requirement of 10 NYCRR 86-1.17, any confusion petitioner may have had as to whether its appeal was subject to time limitations should have been dispelled. The regulations required an appeal to the second step of the administrative appeal process within 30 days (10 NYCRR 86-1.17 [c] [1]),[2] and petitioner's inaction during this period must be viewed as the failure to exhaust an available administrative remedy, barring this proceeding (see, Sunrest Nursing Home v Whalen, 99 AD2d 206, 209). That petitioner's appeal was denied at the first step on procedural grounds, rather than on the merits,

---

1. Petitioner contends that appeal No. 032908 included its appeals of the rates for 1978-1979 and 1979-1980, as well as 1980-1981.

2. The second-step appeal process described in 10 NYCRR 86-1.17 (c) (1) is substantially similar to the one contained in 10 NYCRR 86-1.17 (b) (1), which respondent claims was applicable at the time of the claimed cost periods.

does not alter the fact that petitioner failed to seek timely review at the second step. This case does not fall within any of the exceptions to the exhaustion rule *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Nor do petitioner's allegations concerning the advice and assurance from Department personnel present the unusual factual situation that would justify departure from the general rule that estoppel is not applicable to agencies of the State acting in their governmental capacity *(see, Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94). We note that common courtesy required a response to petitioner's filing of documentation on November 20, 1981, but the Department's inaction cannot serve to revive that which expired more than a month earlier.

Accordingly, Special Term's dismissal of the petition must be affirmed.

MAHONEY, P. J., YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment affirmed, without costs.