Matter of Richmond Ctr. for Rehabilitation & Specialty Healthcare v McDonald
2026 NY Slip Op 03856
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Richmond Center for Rehabilitation and Specialty Healthcare, Appellant,
v
James . McDonald, as Commissioner of Health, et al., Respondents.

Decided and Entered:June 18, 2026
CV-25-0153
Calendar Date: April 30, 2026
Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

Hinman Straub PC, Albany (David B. Morgen of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondents.

[*1]
Pritzker, J.P.
Appeal from a judgment of the Supreme Court (William Little, J.), entered December 31, 2024 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Petitioner is a licensed, for-profit, residential health care facility located in Richmond County and, as a participant in the state's Medicaid program, is entitled to reimbursement for services that are provided to eligible Medicaid recipients (see Public Health Law § 2808; 10 NYCRR part 86 et seq.). Respondent Department of Health (hereinafter DOH) is the state agency responsible for the administration of the Medicaid program, which includes setting the Medicaid reimbursement rates for residential health care facilities (see Public Health Law § 2807). In 2012, petitioner became the operator of a residential health care facility which led to the facility being reclassified as a for-profit enterprise. The state Medicaid program sets rates based on annual cost reports that residential health care facilities prepare and submit to DOH (see 10 NYCRR 86-2.2 [a]). DOH operates on a two-year "lag" in that reimbursement rates for a particular year are calculated based on cost reports from the prior two years. In 2016, petitioner sought a revision of the reimbursement rate on the basis that DOH failed to include the value petitioner expended to acquire the facility and that DOH failed to properly reimburse petitioner for sales tax expenditures made in 2016. In 2021, DOH, after considering petitioner's request, revised petitioner's rates by reducing the reimbursement rate and applying this reduction retroactively, starting with petitioner's first year of operation. Petitioner subsequently administratively appealed by filing a request for a hearing concerning this 2021 determination, arguing that the value of land was improperly omitted and that DOH also failed to properly reimburse petitioner for sales tax expenditures for tax years 2015, 2018 and 2019. Petitioner also sought a recalculation of the reimbursement rate for the 2013 and 2014 rates, as petitioner claimed DOH improperly relied upon inapplicable cost reports in deciding these rates. Thereafter, in 2023, DOH denied petitioner's request, finding that the valuation of the land, under applicable regulations, is not to be included in a reimbursement rate and that petitioner's other contentions were untimely.
Petitioner subsequently commenced this CPLR article 78 proceeding and action for declaratory relief. As relevant here, petitioner's first, fourth and seventh causes of action relate to its contentions that DOH improperly excluded the value of petitioner's land in its reimbursement rate, and the remaining causes of action relate to petitioner's contentions that DOH improperly denied its 2013 and 2014 reimbursement rate recalculation and request for reimbursement of sales tax expenditures. Respondents answered and moved to dismiss the [*2]petition. Supreme Court granted the motion, holding that DOH's determination was not irrational, arbitrary nor capricious as the relevant regulations supported DOH's position that the value of the acquisition of land was not to be included in the reimbursement rate calculation. The court also determined that the remaining causes of action were time-barred and that petitioner failed to exhaust its administrative remedies. Petitioner appeals.
Petitioner's primary contention on appeal is that Supreme Court erred in upholding DOH's determination that excluded the value of land from petitioner's Medicaid reimbursement rate. As relevant here, "[i]n a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Concourse Rehabilitation & Nursing Ctr., Inc. v Zucker, 217 AD3d 1189, 1190 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Evercare Choice, Inc. v Zucker, 218 AD3d 882, 885 [3d Dept 2023]). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts. When a determination is supported by a rational basis, it must be sustained even if the reviewing court would have reached a different result" (Matter of John E. Andrus Mem., Inc. v Commissioner of Health of the N.Y. State Dept. of Health, 225 AD3d 959, 961 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Ventresca-Cohen v DiFiore, 225 AD3d 9, 11 [3d Dept 2024]).
"Generally, rate-setting actions of the Commissioner [of Health], being quasi-legislative in nature, may not be annulled except upon a compelling showing that the calculations from which they derived were unreasonable" (Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d 538, 544 [2006] [internal quotation marks, brackets and citation omitted]; accord Matter of Aaron Manor Rehabilitation & Nursing Ctr., LLC v Zucker, 205 AD3d 1193, 1199 [3d Dept 2022], mod 42 NY3d 46 [2024]). "It follows that rate-setting actions are determinations that are entitled to a high degree of judicial deference, and they will not be disturbed unless petitioners carry the heavy burden of demonstrating that the methodology used to calculate the rates is unreasonable and unsupported by any evidence" (Matter of Arnot Ogden Med. Ctr. v New York State Dept. of Health, 214 AD3d 1195, 1197 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 41 NY3d 905 [2024]; see Matter of New York Univ. Med. Ctr. v Axelrod, 188 AD2d 207, 210 [3d Dept 1993], lv denied 81 NY2d 711 [1993]). "Medicaid rates consist of 'four separate and distinct components' (10 NYCRR 86-2.10 [b] [1] [ii]), namely, 'direct [costs], indirect [costs], noncomparable [costs] and capital [costs]' (10 NYCRR 86-2.10 [a] [6])" (Matter of Concourse [*3]Rehabilitation & Nursing Ctr., Inc. v Zucker, 217 AD3d at 1191 [citation omitted]). "[A]s relevant here, capital costs include two categories of expenses: those related to land, buildings and nonmovable equipment — principally interest on capital indebtedness — and those related to movable equipment" (id.). "[T]he capital cost component shall include a payment factor sufficient to return equity" (10 NYCRR 86-2.21 [e] [4]) and "shall not be affected by any sale, lease or transfer occurring after March 10, 1975" (10 NYCRR 86-2.21 [f] [3]).
In support of its motion to dismiss, DOH submitted the affidavit of Cynthia Treis, a principal health care fiscal analyst for DOH. Treis stated that DOH "routinely" excluded the value of land from the equity calculation when setting reimbursement rates and that such practice is in line with federal and state regulations. Treis articulated that "land does not depreciate as improvements and buildings do[, a] fact [that] further makes it inappropriate to include land in the equity calculation." Treis then explained that an exhibit attached to the petition showing the inclusion of land in another facility's reimbursement rate was an "error which is the subject of a pending audit."
In opposition to the motion to dismiss, petitioner submitted the affidavits of Samuel Fogel and Gerry Adest. Fogel, a certified public accountant who provides accounting services to nursing homes and other long-term care facilities, stated that since 1981, DOH "always included land within equity when calculating Medicaid capital reimbursement." Fogel described how the applicable regulation, 10 NYCRR 86-2.21, defines "equity" as including "land." Fogel also provided capital reimbursement calculations for three other nursing homes, that were similarly situated to petitioner, which Fogel interpreted as DOH including land in these calculations. Adest, a certified public account who provides accounting services to nursing homes and other long-term care providers, also stated that DOH "always included land within equity" when calculating a reimbursement rate. Adest also provided a DOH determination which he averred included the value of land in the equity calculation for a for-profit nursing home. Petitioner also attached a copy of the New York State Register from both September 1980 and January 1981. In the September 1980 Register, a section describing amendments to the regulations regarding Medicaid reimbursement for not-for-profit nursing homes stated that the "equity portion of the Medicaid allowable transfer price except for that portion which is attributable to the acquisition of the land shall be reimbursed."
In response, DOH submitted an affidavit from Laura Rosenthal, a health care financing program manager for the Office of Health Insurance Programs Division of Finance and Rate Setting at DOH. Rosenthal stated that Fogel and Adest incorrectly interpret 10 NYCRR 86-2.21 as the regulation describes how "equity shall mean all cash or other [*4]assets, net of liabilities, invested by a facility or its operator in land." Rosenthal clarified that the regulation's language means that "investments in land," which are included, "refers to land improvements, not the land itself." Moreover, Rosenthal stated that the example calculation provided by Adest was misleading as the provided documents did not include a full description as to nature of the value considered, making it unclear whether in that instance the identified value was a land improvement or the value of the land. Rosenthal also took issue with Fogel's proffered exhibits, explaining why each one did not, as Fogel interpreted, demonstrate instances where DOH included land in its capital reimbursement calculation.
Given the foregoing, Supreme Court properly found that DOH's determination was rationally based and that petitioner's related causes of action should be dismissed.FN1 To that end, Supreme Court properly relied on this Court's holding in Matter of Concourse Rehabilitation & Nursing Ctr., Inc. v Zucker. In Matter of Concourse Rehabilitation & Nursing Ctr., Inc., a for-profit nursing home requested that as part of its reimbursement rate calculation, the value of land leased by the nursing home be included in its reimbursement, and this request was rejected by DOH (217 AD3d at 1190). This Court held that "[w]ithin the mandated fiscally restrained regulatory landscape, the effect of [10 NYCRR 86-2.21] promotes a measured calculus that does not directly reimburse facilitates for the purchase or lease of land after March 10, 1975, but rather only for the interest on the debt incurred in acquiring land and the costs of making capital improvements to it" (id. at 1191-1192). Therefore, this Court found that the denial of the nursing home's request to include the value of the leased land in its reimbursement was not arbitrary and capricious (see id. at 1192).FN2 Here, similar to Matter of Concourse Rehabilitation & Nursing Ctr., Inc., petitioner is requesting that the value of land — petitioner's purchase price — acquired by a for-profit facility be included in its reimbursement calculation. Petitioner failed to meet its heavy burden of establishing the purported irrationality of DOH's decision as this Court has held that the type of reimbursement calculation sought by petitioner is prohibited under 10 NYCRR 86-2.21 (f) (3) (see Matter of Concourse Rehabilitation & Nursing Ctr. Inc. v Zucker, 217 AD3d at 1191-1192; see also Pinnacle Nursing Home v Axelrod, 126 AD2d 940, 940 [4th Dept 1987]; Matter of Benenson v Axelrod, 111 AD2d 453, 455 [3d Dept 1985]). Moreover, Supreme Court properly deferred to DOH's interpretation and application of the regulation as "having authored the promulgated text and exercised its legislatively delegated authority in interpreting it, the agency is best positioned to accurately describe the intent and construction of its chosen language" (Matter of Tomei v McDonald, ___ AD3d ___, ___, 254 NYS3d 722, ___, 2026 [*5]NY Slip Op 01571, *2 [3d Dept 2026] [internal quotation marks and citation omitted]; see Matter of Wayne Ctr. for Nursing & Rehabilitation, LLC v Zucker, 197 AD3d 1409, 1414 [3d Dept 2021], lvs denied 37 NY3d 919 [2022], 37 NY3d 919 [2022]).
We are similarly unpersuaded by petitioner's argument that Supreme Court erred in finding petitioner's remaining causes of action to be time-barred or barred by its failure to exhaust administrative remedies. In relation to petitioner's 2013 and 2014 rate claims, petitioner's challenge was properly considered to be methodological by Supreme Court as petitioner's challenge alleged that DOH improperly considered cost reports from years prior to petitioner's ownership of the facility, which "necessarily implicate[s] DOH's interpretation and application of its own rate-setting regulations contained in 10 NYCRR subpart 86-2, which, fundamentally, implicate the rate methodology itself" (Matter of Atlanticare Mgt., LLC v Ives, 212 AD3d 132, 138-139 [3d Dept 2022], lv denied 40 NY3d 902 [2023]). Accordingly, given that petitioner's challenge was methodological in nature, it must have been brought as a CPLR article 78 proceeding within four months following receipt of DOH's initial rate computation sheet (see Matter of Amsterdam Nursing Home Corp. [1992] v Daines, 68 AD3d 1591, 1592 [3d Dept 2009]; Matter of Pinegrove Manor II, LLC v Daines, 60 AD3d 767, 768 [2d Dept 2009], lv denied 14 NY3d 713 [2010]). Inasmuch as there is no dispute that this proceeding was not commenced until years after petitioner received the initial rate computation sheet, Supreme Court did not err in dismissing it as time-barred (see id.).
Petitioner's sales tax challenges were also properly dismissed by Supreme Court. While it is unclear whether Supreme Court considered these challenges to be methodological or computational, either would lead to dismissal. If methodological, they are time-barred for the same reason as are the 2013 and 2014 rate claims. If computational, petitioner was required to raise its challenges to DOH within 120 days of receipt of the initial computation sheet for the reimbursement rates for 2015, 2018 and 2019 (see 10 NYCRR 86-2.13 [a]). Here, the uncontroverted Treis affidavit indicated that no appeals were taken within 120 days of receipt of the initial computation sheet for any of the challenged years, thus petitioner failed to exhaust its administrative remedies, barring this proceeding (see Matter of Eastman Dental Ctr. v Axelrod, 129 AD2d 254, 256 [3d Dept 1987]).
Ceresia, Fisher, McShan and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1
It is noted that DOH cited the incorrect regulation, 10 NYCRR 86-2.19 (g) (i) and (iii), which is applicable to not-for-profit facilities, when it initially denied petitioner's request. DOH concedes that the improper regulation was cited but contends that its reasoning in denying petitioner's request was predicated on the correct regulation, 10 NYCRR 86-2.21, which is applicable to for-profit facilities such as petitioner's.

Footnote 2
It is noted that petitioner submitted two recently decided administrative decisions from DOH which differ from this Court's holding in Matter of Concourse Rehabilitation & Nursing Ctr., Inc. v Zucker. The decisions were determinations made following an audit by the Office of the Medicaid Inspector General to recover Medicaid reimbursement overpayments. The focus of the Administrative Law Judges' analyses is on 10 NYCRR 86-2.21 (a). In analyzing this subsection, the Administrative Law Judges found that the value of acquisition of land is to be considered in a reimbursement calculation. Notably, the analysis did not address this Court's holding inMatter of Concourse Rehabilitation & Nursing Ctr., Inc. (217 AD3d at 1192) and these administrative decisions were not rendered until after Supreme Court dismissed petitioner's petition.